**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>TEC-AIR, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 17-32273 (JSB) |

**NOTICE OF MOTION**

      **PLEASE TAKE NOTICE** that on **November 21, 2017, at 9:30 a.m. (prevailing Central Time),** the above-captioned Debtor shall appear before the Honorable Janet S. Baer of the United States Bankruptcy Court for the Northern District of Illinois, or any other judge sitting in her place and stead, at Courtroom 615 in the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Three Twenty-One Capital Partners as Financial Advisor and Investment Banker to the Debtor Effective as of the Petition Date*, a copy of which is hereby served upon you.

Dated:  November 8, 2017
            Chicago, Illinois

Respectfully submitted,

**CULLEN AND DYKMAN LLP**

/s/ *Nicole Stefanelli*
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 849-0220
Facsimile: (973) 849-2020
steele@cullenanddykman.com
nstefanelli@cullenanddykman.com

- and -

Michael H. Traison, Esq.
175 East Delaware Place
Suite 7011
Chicago, Illinois 60611
Telephone: (312) 860-4230
mtraison@cullenanddykman.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEC-AIR, INC., | Case No. 17-32273 (JSB) |
| Debtor. | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF THREE TWENTY-ONE CAPITAL**
**PARTNERS AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO**
**THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Tec-Air, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, submits this application (the "Application") for entry of an order pursuant to sections 327(a), 328 and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Three Twenty-One Capital Partners ("321") as financial advisor and investment banker to the Debtor effective as of the Petition Date (as defined herein). In support of the Application, the Debtor respectfully states as follows:

**JURISDICTION**

1.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  The statutory predicates for the relief sought herein are sections 327, 328 and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

3. On October 27, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtor continues to operate its business and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in this Chapter 11 Case.

6. On November 6, 2017, the Office of the United States Trustee for the Northern District of Illinois appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 38].

7. A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this Chapter 11 Case, is set forth in the *Declaration of Robert J. McMurtry in Support of the Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 10] (the "First Day Declaration").

## RELIEF REQUESTED

8. By this Application, the Debtor seeks authorization to employ and retain 321 as its financial advisor and investment banker in connection with the Chapter 11 Case, effective as of the Petition Date, pursuant to the terms and conditions of the Investment Banking Agreement (defined below).

## SERVICES TO BE PROVIDED

9. The Debtor selected 321 to serve as its financial advisor and investment banker because of its considerable experience in the areas of turnarounds, consulting, refinancing, sales as going-concerns, joint ventures, mergers, operating due diligence, creditor advisory, and financial/operational restructuring and other areas in which 321 might be asked to assist in the

-2-

Chapter 11 Case. The Debtor believes that 321 is duly qualified to provide it with advisory and investment banking services throughout this proceeding, and the services of 321 are necessary and essential to assist the Debtor in proposing a plan of reorganization and/or evaluating and marketing its assets to maximize the proceeds for the benefit of creditors.

10. The nature and extent of services that 321 may render to the Debtor include, but are not limited to the following:

(a) advising the Debtor in connection with its business plan and financial projections;

(b) attending meetings with the Debtor and other parties in interest and providing testimony, if necessary, before the Bankruptcy Court;

(c) assisting the Debtor in negotiations with creditors, contract counterparties, lessors and other parties in interest; and

(d) advising and assisting the Debtor in connection with any potential sale, transfer or other disposition of its assets, including taking the necessary steps to market the Debtor's assets in a manner to maximize the value thereof and to generate the highest and best offers therefor, providing assistance with respect to the marketing or disposition of the assets and perform related services necessary to maximize the proceeds to be realized for the assets, facilitating the dissemination of information to interested parties with respect to the Debtor's assets and taking any other acts to prepare for, conduct and effectuate the sale and to insure the highest possible price(s) and/or best offer(s) for a sale, transfer or other disposition of the Debtor's assets;

(e) providing general financial and restructuring advisory services in connection with the Debtor's Chapter 11 Case.

11. The services described herein and in the Investment Banking Agreement are necessary to enable the Debtor to maximize the value of its assets and successfully complete its restructuring.

-3-

## PROFESSIONAL COMPENSATION

12. The Debtor retained 321 in May 2017 to provide certain advisory, restructuring analysis and valuation services pursuant to an agreement between the Debtor and 321 dated May 8, 2017 (the "Initial Advisory Agreement"). A copy of the Initial Advisory Agreement is attached hereto as Exhibit A.

13. Prior to the Petition Date, on May 30, 2017, the Debtor reimbursed 321 for $5,000 of expenses incurred, in accordance with the terms of the Initial Advisory Agreement. The Debtor did not pay any fees to 321 on account of the Initial Advisory Agreement prior to the Petition Date.

14. The post-petition services provided to the Debtor by 321 will be governed by the Agreement Between Tec Air, Inc. and Three Twenty-One Capital Partners (the "Investment Banking Agreement," and collectively with the Initial Advisory Agreement, the "Agreements") whereby 321 will seek one or more counterparties to purchase the Debtor's Assets or provide the Debtor with post-petition debtor-in-possession financing (collectively, a "Transaction"). A copy of the Investment Banking Agreement is attached hereto as Exhibit B.

15. The Investment Banking Agreement provides that the Debtor will reimburse 321 for out-of-pocket expenses that 321 incurs up to $15,000, with $5,000 due to 321 upon execution of the Investment Banking Agreement.

16. Furthermore, 321 will be paid a transaction fee (the "Transaction Fee"), payable in cash at the closing of a Transaction, equal to the greater of (a) $250,000 or (b) the result of a calculation based upon the Transaction Value (as defined in the Investment Banking Agreement) as follows:

    (a) Eight Percent (8%) of the first $1,000,000 of Transaction Value;

  (b)  Seven Percent (7%) of Transaction Value between $1,000,001 and $2,000,000;

  (c)  Six Percent (6%) of Transaction Value between $2,000,001 and $3,000,000;

  (d)  Five Percent (5%) of Transaction Value between $3,000,001 and $4,000,000;

  (e)  Four Percent (4%) of Transaction Value between $4,000,001 and $5,000,000; and

  (f)  Three Percent (3%) of Transaction Value above $5,000,000.

17. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a). 321's fee structure appropriately reflects the nature and scope of services to be provided by 321, 321's substantial experience with respect to restructuring and investment banking and the fee structures typically used by other financial advisors and investment bankers that do not bill their clients on an hourly basis. Accordingly, the Debtor submits that the Transaction Fee is reasonable under the circumstances.

18. 321 will file interim and final fee applications for allowance of its compensation and expenses, in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such other procedures as may be fixed by order of this Court; <u>provided</u>, <u>however</u>, that 321 shall not be subject to the standard of review under section 330 of the Bankruptcy Code.

19. As with many other firms in its industry, 321 does not maintain time records for the hours or partial hours spent by its professionals for a client. Accordingly, 321's fee applications will not include a record of the time spent on each matter.

35011.1 475952v1

**DISINTERESTEDNESS OF PROFESSIONALS**

20.     The Debtor submits that the retention of 321 under the terms described herein and in the Investment Banking Agreement is appropriate under sections 327, 328 and 1107 of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code (applicable pursuant to section 1107 of the Bankruptcy Code) empowers a debtor-in-possession, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent them or assist the [debtor in possession] in carrying out its duties under this title."  11 U.S.C. § 327(a).  Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

> (A)     is not a creditor, an equity security holder, or an insider;
>
> (B)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtors, or for any other reason

11 U.S.C. § 101(14).

21.     Furthermore, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

22.     As set forth in the Declaration of Ervin Terwilliger in support of this Application, attached hereto as <u>Exhibit C</u> (the "<u>Terwilliger Declaration</u>") 321 (i) is not a creditor, an equity security holder, or an insider of the Debtor; (ii) is not and was not, within 2 years before the

-6-

Petition Date, a director, officer, or employee of the Debtor; and (iii) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor. Accordingly, the Debtor submits that 321 is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

23. To the best of the Debtor's knowledge, based on the Terwilliger Declaration, the partners and employees of 321 do not have any connection with the Debtor, its creditors, or any other parties in interest, their respective attorneys and accountants, Office of the United States Trustee for the Northern District of Illinois, any person employed in the Office of the United States Trustee for the Northern District of Illinois, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Northern District of Illinois.

24. Accordingly, 321 does not hold or represent an interest adverse to the Debtor's estate.

**NOTICE**

25. No trustee or examiner has been appointed in this Chapter 11 Case. Notice of this Application has been provided to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) counsel to the Committee; (c) counsel to the Debtor's prepetition secured lenders; and (d) all parties that have filed a request for notice pursuant to Bankruptcy Rule 2002. Notice of this Application and any order entered hereon will be served in accordance with Local Rule 9013-1(D). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

26. No prior application or motion for the relief requested herein has been made by the Debtor to this or any other Court.

**WHEREFORE,** the Debtor requests the entry of an order, substantially in the form submitted herewith granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: November 8, 2017

Respectfully submitted,

**TEC-AIR, INC., Debtor-in-Possession**

*/s/ Robert J. McMurtry*
Robert J. McMurtry
Its Chief Executive Officer

35011.1 475952v1