IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | No. 17-32273 |
| TEC-AIR, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Janet S. Baer |
| ) | |
| ) | Motion Date: November 16, 2017 |
| ) | Motion Time: 1:00 p.m. |
| ) | |

### NOTICE OF FILING

TO:   All Parties of Record

PLEASE TAKE NOTICE that on **November 14, 2017**, the undersigned counsel filed with the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, the attached **Objection to the Section 363 Sale of the Byline PMSI Collateral**, a true and correct copy of which is hereby served upon you.

Dated: November 14, 2017

BYLINE BANK, as successor in interest to Ridgestone Bank,

By: /s/ Terence G. Tiu
    One of Its Attorneys

Edmond M. Burke (ARDC #6276406)
Terence G. Tiu (ARDC #6271485)
CHUHAK & TECSON, P.C.
Attorneys for Byline Bank
30 South Wacker Drive, 26TH Floor
Chicago, Illinois  60606-7413
(312) 444-9300

### CERTIFICATE OF SERVICE

I, Terence G. Tiu, an attorney, hereby certifies that on November 14, 2017, I electronically filed this **Notice of Filing** and **Objection to the Section 363 Sale of the Byline PMSI** with the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division's CM/ECF system, which will send electronic notification to the registered parties as set forth in the attached Service List.  For all non-registered parties, a true and accurate copy of the aforementioned documents were served via U.S. Mail, proper postage prepaid and affixed thereon, by depositing same into the U.S. Mail receptacle located at 30 S. Wacker Drive, Chicago, Illinois on this 14th day of November, 2017.

/s/ Terence G. Tiu

In Re: Tec-Air Inc., Case No. 17-32273
Chapter 11
**Service List**

**VIA FIRST CLASS U.S. MAIL**
Tec-Air, Inc.
9200 Calumet Ave., Suite NW01
Munster, IN 46321
*Debtor*

**VIA ECF**
Patrick S. Layng
Office of the U.S. Trustee Region 11
219 S Dearborn Street, Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov
*U.S. Trustee*

Nicole Stefanelli
Cullen and Dykman LLP
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
nstefanelli@cullenanddykman.com
*Attorney for Debtor*

Michael Traison
Cullen and Dykman LLP
44 Wall Street , 19th Floor
New York, NY 10005
mtraison@cullenanddykman.com
*Attorney for Debtor*

Eugene S. Kraus
Scott & Kraus, LLC
150 South Wacker Dr., Suite 2900
Chicago, IL 60606
ekraus@skcounsel.com
*Attorney for Creditor, The Leaders Bank*

Louis J. Phillips
Patzik, Frank & Samotny Ltd.
150 S. Wacker Dr., Suite 1500
Chicago, IL 60606
lphillips@pfs-law.com
*Attorney for Creditor, Rikki Swan*

**VIA ECF (cont.)**
Ira Bodenstein
Gordon E. Gouveia
Christina Sanfelippo
Shaw, Fishman, Glantz & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL 60610
ibodenstein@shawfishman.com
ggouveia@shawfishman.com
csanfelippo@shawfishman.com
*Official Committee of Unsecured Creditors*

David M Blaskovich
David M. Blaskovich, P.C.
2850 45th Street
Highland, IN 46322
dave@lawdmb.com
*Attorney for Creditor, Nexus Employment Solutions of Indiana, Inc.*

Jeffrey A Krol
Johnson & Krol LLC
311 S Wacker Dr Suite 1050
Chicago, IL 60606
jeffkrol@johnsonkrol.com
*Attorney for Creditor, Midwest Pension Plan*

Phillip A Martin
Fultz Maddox Hovious & Dickens PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
pmartin@fmhd.com
*Attorney for Creditor, Haier US Appliance Solutions d/b/a GE Appliances*

Richard A. Saldinger
Latimer LeVay Fyock LLC
55 W. Monroe Street, Suite 1100
Chicago, IL 60603
rsaldinger@llflegal.com
*Attorney for Creditor, Haier US Appliance Solutions d/b/a GE Appliances*

**VIA ECF (cont.)**
Joseph D. Frank
Jeremy C. Kleinman
Frank Gecker LLP
325 North LaSalle St., Suite 625
Chicago, IL 60654
jfrank@fgllp.com
jkleinman@fgllp.com
*Attorneys for Creditor, Chicago Electric Sales, Inc.*

Maria A. Boelen
Timothy W. Brink
Meltzer, Purtill, & Stelle LLC
300 S. Wacker Drive, Suite 2300
Chicago, IL 60606
tbrink@mpslaw.com
*Attorneys for Creditor, Chatterjee Management Company*

Sheryl Toby
Dykema Gossett PLLC
39577 Woodward Ave., #300
Bloomfield Hills, MI 48304
stoby@dykema.com
*Attorney for Creditor, Asahi Kasei Plastics North America, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | No. 17-32273 |
| TEC-AIR, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Janet S. Baer |
| ) | |
| ) | Motion Date: November 16, 2017 |
| ) | Motion Time: 1:00 p.m. |
| ) | |

**BYLINE BANK'S OBJECTION TO THE
SECTION 363 SALE OF THE BYLINE PMSI COLLATERAL**

BYLINE BANK, as successor in interest to Ridgestone Bank("Byline"), a secured creditor in the above captioned Chapter 11 matter, by its attorneys, CHUHAK & TECSON, P.C., hereby submits its Objection to Tec-Air, Inc.'s Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 363: (A) Authorizing and Approving Stalking Horse APA; (B) Authorizing and Approving Sale Free and Clear of Liens, Claims, Interests, and Encumbrances; and (C) Authorizing the Assumption and Assignment of the Assumed Contracts and Assumed Leases.  In support thereof, Byline states as follows:

**BACKGROUND**

1. On October 27, 2017 ("Petition Date"), Tec-Air, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").  Since the filing of the bankruptcy case, the Debtor has operated as a Debtor in Possession.

2. On the same date, Debtor filed its Motion for an Order Pursuant to 11 U.S.C. §§ 105 and 363: (A) Authorizing and Approving Stalking Horse APA; (B) Authorizing and Approving Sale Free and Clear of Liens, Claims, Interests, and Encumbrances; and (C) Authorizing the Assumption and Assignment of the Assumed Contracts and Assumed Leases

(the "Sale Motion"), which seeks an order from the Court authorizing the proposed sale of the of substantially all of the Debtor's assets. [Docket No. 11].

3. Pursuant to the Sale Motion, the Debtor seeks to sell substantially all of its assets, through a §363 Sale to Chatterjee Management Company (the "Stalking Horse Bidder"). The Debtor's proposed Stalking Horse Bidder proposes a purchase price of $3,800,000.00, plus assumption of cure costs and supplier obligations not to exceed an aggregate of $600,000.00. The Sale Motion seeks approval of certain bid protections for the Stalking Horse Bidder including a breakup fee of $150,000.00 and a minimum overbid of at least $200,000.00 more than the Stalking Horse's bid (or $4,000,000.00).

4. Debtor's secured creditors, The Leaders Bank ("Leaders") and Byline are owed in excess of $7.5 million in the aggregate as of the Petition Date.

5. Byline is a secured creditor of Debtor pursuant to a first lien interest on certain personal property which includes (collectively, the "PMSI Collateral"):

- Chicago Electronic Robotics (laundry)
- Chicago Electronic Robotics (Zoneline)
- Nigata Molding Machine (385)
- Nigata Molding Machine (385)
- Nigata Molding Machine (310)
- Nigata Molding Machine (310)
- 3 form machine
- Matsui Press Side Grinders (10)
- IQMS Warehouse Management System (WMS)
- IT Infrastructure/Security

True and correct copies of Byline's security documents evidencing its first lien interest in the PMSI Collateral are attached hereto as Exhibit A.

6. Pursuant to a certain Intercreditor and Subordination Agreement ("Subordination Agreement") between Byline and Leaders dated June 29, 2015, Leaders agreed to subordinate its

interest in the PMSI Collateral to Byline. A true and correct copy of the Subordination Agreement is attached hereto as <u>Exhibit</u> B.

7.      As of the Petition Date, the amount owed to Byline was not less than $2,250,281.48.

## OBJECTION TO SALE

8.      As set forth in the Sale Motion, Debtor seeks to offer for sale substantially all of its assets in a single auction, including the PMSI Collateral, pursuant to the Stalking Horse APA ("<u>Purchase Agreement</u>"). Sale Motion at ¶ 8.

9.      Based upon the Debtor's recitation of relevant sections of the Purchase Agreement it does not appear that the Stalking Horse Bidder has provided an allocation of its offer with respect to the Debtor's assets. Further, the proposed bidding procedures do not provide for any secured creditor's ability to credit bid for any of their respective collateral.

10.     Currently, the stalking horse offer is more than $3.5 Million less than the secured debt on the same assets. Without approval from the lenders, this sale provides no benefit to the Debtor's estate, as all of the proceeds from sale will be paid to secured lenders.

11.     Byline was not consulted with respect to the Sale Motion or the Purchase Agreement. It has no information as to allocation of purchase price and how much the Debtor intends to pay Byline at closing. Without this information, Byline cannot consent to the sale or sale procedures, particularly since the sale procedures fail to address issues of allocation of proceeds, credit bidding and payment of breakup fee in the event of a credit bid.

12.     Section 363(f) of the Bankruptcy Code limits the Debtor's ability to sell the PMSI Collateral. Section 363(f) provides:

> The Trustee may sell property under section (b) or (c) of this section free and clear or any interests in such property of an entity other than the estate, only if—

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interests;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f)

13. In this case, Byline's consent is required in order for Debtor to sell the PMSI Collateral free and clear of Byline's interest, which currently the Debtor does not have. The Debtor cannot compel Byline to accept the sale of its collateral for anything less than the full amount of its claim. *See* 11 U.S.C. §363(f); *Scherer v. Fed. Nat'l; Mortgage Ass'n (In re Terrace Chalet Apartments, Ltd.)*, 159 B.R. 821 (N.D.Ill. 1993) ("*Terrace Chalet*") (a sale cannot be approved over the objection of a secured creditor claiming an interest in the asset(s) to be sold, unless the secured party is paid in full or consents); *In re PW, LLC*, 391 B.R. 25, 41 (9th Cir. BAP 2008) ("In any case in which the value of the property being sold is less than the total amount of claims held by secured creditors, the total of all allowed secured claims will *equal,* not exceed, the sales price, and the statute requires the price to be 'greater than' the 'value of all liens.'").

14. Further, a bankruptcy court should not authorize a sale pursuant to §363 unless the sale provides a benefit to the bankruptcy estate. *In re Riverside Investment Partnership*, 674 F.2d 634, 640 (7th Cir. 1982) (citing *Freeman Furniture Factories, Inc. v. Bowlds*, 136 F.2d 136, 140 (6th Cir. 1943) (stating that a court should not authorize a sale unless it exceeds the lien amount owed to the secured party); *Hoehn v. McIntosh*, 110 F.2d 199, 202 (6th Cir. 1940) (stating that a court should not authorize a sale unless the proceeds will exceed the "amount of the liens")).

15. Since neither the Debtor nor Stalking Horse Bidder obtained Byline's consent to the sale and due to the fact that the proposed purchase price is substantially less than the secured claims of Byline and Leaders, a sale under §363(f) is impermissible.

16. The Debtor is seeking an Order that permits the sale of Byline's collateral, free and clear of all liens except for "Permitted Encumbrances" (which includes all valid liens), which the Debtor states "will be adequately protected by attachment to the Sale Proceeds." The Debtor fails to explain how $7.5 Million in secured claims will be "protected" with $3.8 Million in sale proceeds.

17. It is unclear how this Sale (which appears to include a sale of all assets including all litigation and avoidance actions), will benefit the Estate. Further, with respect to the proposed bidding procedures, they do not sufficiently protect the interests of Byline and do not provide creditors with sufficient information about the sale. The sale procedures fail to provide for allowance of credit bidding, they do not contain an allocation of sale proceeds (which is necessary information for a secured creditor to evaluate the proposed sale), and the bid protections do not provide for reduction or elimination of breakup fee in the event the secured creditor(s) elect to credit bid their debt.

18. For the foregoing reasons, the Sale Motion and the bidding procedures contained therein, should not be approved. In the alternative, the bidding procedures should be revised to preserve all rights and defenses of Byline and other secured lenders under the Bankruptcy Code and applicable law, including their rights to consent to a free and clear sale based on full information and their right to credit bid their debt.

WHEREFORE, for all the reasons set forth above, BYLINE BANK, as successor in interest to Ridgestone Bank requests the entry of an Order:

A. Denying the Sale Motion and the bidding procedures contained therein;

  B.  Granting Byline such other and further relief as may be appropriate under the circumstances.

              Respectfully Submitted,

              BYLINE BANK, as successor in interest to Ridgestone Bank

              By:_____
                One of Its Attorneys

Edmond M. Burke (ARDC #6276406)
Terence G. Tiu (ARDC #6271485)
CHUHAK & TECSON, P.C.
Attorneys for Byline Bank
30 South Wacker Drive, 26TH Floor
Chicago, Illinois  60606-7413
(312) 444-9300