# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS (CHICAGO)
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>TEC-AIR, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-32273 (JSB) |

### ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) APPROVING STALKING HORSE BID PROTECTIONS; (C) SCHEDULING AN AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE HEARING; (E) ESTABLISHING NOTICE AND CONTRACT PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS AND ASSUMED LEASES; AND (F) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Tec-Air, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6003, 6004, 6006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Order"), (a) approving the bidding procedures attached hereto as Exhibit 1 (the "Bidding Procedures") in connection with the solicitation and acceptance of higher and better bids, pursuant to the asset purchase agreement attached to the Motion as Exhibit B (the "Stalking Horse APA")[1] between the Debtor and Chatterjee Management Company (the "Stalking Horse Bidder") for the sale (the "Sale") of substantially all of the Debtor's assets (as defined in the Stalking Horse APA, the "Purchased Assets"); (b) approving certain bid protections for the Stalking Horse Bidder; (c) scheduling a hearing for approval of the Sale (the "Sale Hearing") and setting objection deadlines with respect to the Sale; (d) approving the form of notice of the Sale

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Stalking Horse APA, as applicable.

35011.1 491241v9

related auction (the "Auction") attached hereto as Exhibit 2 (the "Sale Notice"); (e) establishing procedures to determine Cure Costs and deadlines for objections to the potential assumption and assignment of the Assumed Contracts and Assumed Leases; and (f) granting related relief; and after due deliberation and good and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:[2]**

A.   On October 27, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

B.   The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.   The statutory and rule based predicates for the relief requested in the Motion are sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6003, 6004, 6006, 9007, 9008.

D.   On November 6, 2017, the Office of the United States Trustee for the Northern District of Illinois appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code.

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E.  Notice of the Motion having been given as set forth in the Motion is sufficient in light of the circumstances and the nature of the relief requested in the Motion and no other or further notice is necessary or required, except as otherwise set forth herein.

F.  The Debtor has articulated good and sufficient reasons for the Court to grant the relief requested in the Motion regarding the Sale process, including, without limitation: (i) approving the Bidding Procedures; (ii) approving the Break-Up Fee (as defined below); (iii) scheduling the Auction and the Sale Hearing; (iv) approving the Sale Notice; and (v) approving the Cure Notice and Contract Procedures, subject to the modifications set forth herein and in the attached Bidding Procedures and Sale Notice.

G.  The Bidding Procedures attached hereto as Exhibit 1 (including without limitation the Break-Up Fee) were proposed and negotiated in good faith by the Debtor, and are fair, reasonable and appropriate under the circumstances, and are properly designed to maximize the recovery from any sale of the Purchased Assets.

H.  The form and scope of the Sale Notice attached hereto as Exhibit 2 is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction and no other and further notice is required.

I.  The Contract Procedures and the notices related thereto, including the Cure Notice attached hereto as Exhibit 3 are appropriate and reasonably calculated to provide all Contract Parties with proper notice of the potential assumption and assignment of the Assumed Contracts and Assumed Leases and any Cure Costs relating thereto and no further or other notice is required, except as set forth herein.

J.  The entry of this Order is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it is therefore

35011.1 491241v9

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is GRANTED, as set forth herein.

2. All objections to the relief requested in the Motion with respect to the Bidding Procedures (including without limitation the Break-Up Fee) or the Contract Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or as reflected in this Order or by stipulation or withdrawal filed with the Court, are overruled.

3. The Debtor is hereby authorized to enter into and execute the Stalking Horse APA and to perform its obligations under the Stalking Horse APA, as modified by this Order; provided that, the Committee reserves its rights with respect to the substantive terms and conditions of the Stalking Horse APA, including, without limitation, the inclusion of all Avoidance Actions within the definition of the Purchased Assets as part of the Sale.

4. The Bidding Procedures attached hereto as Exhibit 1 (including without limitation the Break-Up Fee) are hereby approved and fully incorporated into this Order, shall apply with respect to the Auction and the proposed Sale of the Purchased Assets and, in the event of a conflict between the Bidding Procedures attached hereto as Exhibit 1 (including without limitation the Break-Up Fee) and this Order, this Order shall control.

5. The Debtor is authorized to take any and all actions necessary or appropriate, consistent with the terms of this Order, to implement the Bidding Procedures.

6. The Stalking Horse Bidder is hereby deemed a Qualified Bidder, whose bid as set forth in the Stalking Horse APA shall be deemed a Qualified Bid.

7. The Debtor, in consultation with the Committee and the Debtor's prepetition senior secured lender, The Leaders Bank ("Leaders"), shall have the right to determine at the Auction that any Qualified Bidder including the Stalking Horse Bidder shall be the Back-Up Bid.

35011.1 491241v9

8.  Pursuant to the Bidding Procedures, a Potential Bidder that desires to make a bid shall deliver written copies of its bid to the parties identified in the Bidding Procedures no later than December 11, 2017 at 12:00 p.m. (prevailing Central Time) (the "Bid Deadline") and shall comply with all other requirements set forth in the Bidding Procedures in making such a bid for the Purchased Assets.

9.  To the extent the Debtor receives at least one Qualified Bid, other than that of the Stalking Horse Bidder, the Debtor shall conduct the Auction commencing at 10:00 a.m. (prevailing Central Time) on December 13, 2017, at the offices of Polsinelli PC, 150 N. Riverside Plaza, Suite 3000, Chicago, Illinois 60606, or such later date and time as selected by the Debtor.

10. The Auction may be attended and viewed by the Debtor, its professionals, Auction Participants, the Committee (and its members and professionals) and Leaders (and its counsel). Any creditor wishing to attend the Auction may do so by contacting, no later than three (3) business days prior to the start of the Auction: Cullen and Dykman LLP, Attn: S. Jason Teele, Esq. (steele@cullenanddykman.com) and Nicole Stefanelli, Esq. (nstefanelli@cullenanddykman.
com).

11. If the Debtor does not receive a Qualified Bid other than that of the Stalking Horse Bidder, the Debtor will not hold the Auction, and the Stalking Horse Bidder will be named the Successful Bidder. No later than 2:00 p.m. (prevailing Central Time) on the day that is one business day before the Auction, the Debtor shall notify all Qualified Bidders (including the Stalking Horse Bidder) and respective counsel to the Committee and Leaders whether the Auction will occur.

12. Upon conclusion of the bidding at any Auction, the Auction shall be closed, and the Debtor, in consultation with the Committee and Leaders, shall (i) review each Qualified Bid and Overbid on the basis of financial and contractual terms and the factors relevant to the Sale process and the contract assumption process, including, without limitation, those factors affecting the speed and certainty of consummating the proposed Sale and the amount of the cash (or cash equivalents) consideration and (ii) identify the highest or otherwise best offer for the Purchased Assets (the "Successful Bid" and the entity submitting such Successful Bid, the "Successful Bidder"), the Back-Up Bid and the Back-Up Bidder and advise the Qualified Bidders of such determinations.

13. The Debtor shall file notice of the identity of the Successful Bidder, and the Back-up Bidder, and the amount of the Successful Bid and Back-up Bid with the Court as soon as reasonably practicable after the conclusion of the Auction and not later than three (3) hours prior to the Sale Hearing. At that same time, the Debtor shall serve notice of the same by email or fax to all counterparties and creditors who have requested the same in writing from Debtor's counsel and have provided such counsel with their email addresses or fax numbers by no later than three (3) business days prior to the start of the Auction.

14. The Debtor, in its reasonable business judgment, in consultation with the Committee and Leaders, may (a) determine which Qualified Bid, if any, is the highest or otherwise best offer; and (b) reject, at any time before entry of an order of the Court approving a Qualified Bid, any bid that is (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale; or (iii) contrary to the best interests of the Debtor, their estates, their creditors, or other stakeholders; provided, however, that notwithstanding anything contained herein or in any other related pleading, the Debtor may not modify the Bidding Procedures in any way that would

materially alter or impair the rights of the Stalking Horse Bidder under the Stalking Horse APA or this Order. All bids, including the Successful Bid, must comply with the Initial Minimum Overbid requirements (as defined in the Bidding Procedures).

15. The Debtor's presentation of a particular Qualified Bid other than the Stalking Horse Bid to the Court for approval does not constitute the Debtor's acceptance of such Qualified Bid. Other than as expressly set forth in the Bidding Procedures Order, the Debtor will be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing.

16. After the Successful Bid, the next highest or otherwise best offer (the "Back-Up Bid"), as determined by the Debtor, in consultation with the Committee and Leaders, shall remain open, and the entity submitting such Back-Up Bid (the "Back-Up Bidder") shall be required to fully perform under such Back-Up Bid, until the earlier of closing of the Sale with the Successful Bidder or forty (40) days following the closing date contemplated in the Successful Bid. In the event the Successful Bidder fails to consummate the Sale as a result of the Successful Bidder's default or breach under the applicable purchase agreement in accordance with the terms of such purchase agreement by the closing date contemplated in such purchase agreement, the Debtor shall be, among other things, free to enter into a new purchase agreement with the Back-Up Bidder at the purchase price contemplated in the Back-Up Bid. Following the approval of the Sale of the Purchased Assets to the Successful Bidder at the Sale Hearing, if such Successful Bidder fails to consummate the approved Sale within twenty-one (21) days after entry of the Sale Order, the Debtor shall be authorized, in consultation with the Committee and Leaders, but not required, to deem the Back-Up Bid, as disclosed at the Sale Hearing, the Successful Bid, and the Debtor may consummate the Sale to the Back-Up Bidder pursuant to the terms and conditions of the Sale Order and without further order of the Court.

35011.1 491241v9

17. The Sale Notice attached hereto as <u>Exhibit 2</u> is approved. The Sale Notice provides all parties in interest good and sufficient notice of the relief sought in the Motion, including, but not limited to, the Auction, the Bid Deadline, the Bidding Procedures (including without limitation the Break-Up Fee), the Sale Hearing and the Sale.

18. Within two (2) days of the entry of the Bidding Procedures Order, the Debtor shall serve by first class mail, postage prepaid, copies of: (i) this Order and (ii) the Sale Notice upon the following entities: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) counsel to the Stalking Horse Bidder; (c) counsel to the Debtor's prepetition secured lenders; (d) counsel to the Committee; (e) all taxing authorities having jurisdiction over any of the Purchased Assets subject to the Sale, including the Internal Revenue Service; (f) the state/local environmental agencies in the jurisdictions where the Debtor leases real property; (g) all of the Debtor's known creditors; (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of the Bidding Procedures Order; (i) all persons or entities known to the Debtor that have asserted a lien on, or security interest in, all or any portion of the Purchased Assets; and (j) any Potential Bidders previously identified or otherwise known to the Debtor.

19. The Contract Procedures, setting forth, among other things, the procedures for determining the Cure Costs and the deadline for objecting to the Cure Costs and/or the proposed assumption and assignment of executory contracts and unexpired leases, as provided in the Motion, are hereby approved in their entirety, except as modified herein. The Cure Notice attached hereto as <u>Exhibit 3</u> provides proper notice to all parties in interest and is approved. The Debtor shall serve the Cure Notice on all Contract Parties by overnight mail so as to be delivered by no later than November 21, 2017.

20. The Court shall conduct the Sale Hearing on December 14, 2017 at 10:00 a.m. (prevailing Central Time), at which time the Court will consider approval of the Sale to the Successful Bidder and entry of the Sale Order.

21. Objections to (i) approval of the Sale and entry of the Sale Order, including the relief sought in the Motion that the sale of the Purchased Assets be free and clear of all Encumbrances pursuant to Bankruptcy Code section 363(f), with such Encumbrances to attach to the Sale Proceeds (if any) (a "Sale Objection") or (ii) proposed Cure Costs and/or the proposed assumption and assignment of Assumed Contracts and Assumed Leases, including, but not limited to, objections related to adequate assurance of future performance by the Successful Bidder (a "Contract Objection"), must be in writing, must conform to the Bankruptcy Rules and the Local Rules, must set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, and shall be filed with the Court and served on (i) counsel to the Debtor, Cullen and Dykman LLP, Attn: S. Jason Teele, Esq. and Nicole Stefanelli, Esq., The Legal Center, One Riverfront Plaza, Newark, New Jersey 07102; (ii) counsel to the Stalking Horse Bidder, Meltzer, Purtill & Stelle LLC, Attn: Timothy W. Brink, Esq., 300 South Wacker Drive, Suite 2300, Chicago, Illinois 60606; (iii) counsel to the Committee, Shaw Fishman Glantz & Towbin LLC; Attn: Ira Bodenstein, Esq. and Gordon E. Gouveia, Esq., 321 N. Clark, Suite 800, Chicago, Illinois 60654; and (iv) the Office of the United States Trustee for the Northern District of Illinois, 219 S. Dearborn Street, Room 873, Chicago, IL 60604, so as to be received by such parties prior to 4:00 p.m. (prevailing Central Time) on December 7, 2017 (the "Sale Objection Deadline" and "Contract Objection Deadline"); provided, however, that in the event the Auction results in a Successful Bidder other than the Stalking Horse Bidder, Contract Parties shall be able to assert an objection at or before the Sale Hearing (the "Alternate Contract Objection Deadline") to the assignment of executory contracts and unexpired leases to such

Successful Bidder, other than to the Cure Amount which shall be subject to the Contract Objection Deadline, with any such objection being heard at the Sale Hearing or at a later-scheduled hearing as the Court deems appropriate.

22. In the event (a) an Auction is conducted, the deadline for objections related to the conduct of the Auction itself shall be at the Sale Hearing and (b) in the event the Auction results in a Successful Bidder other than the Stalking Horse Bidder, the deadline for objections relating to (i) the form of Sale Order approving such Successful Bidder's asset purchase agreement, and (ii) the proposed asset purchase agreement between the Debtor and such Successful Bidder shall be at the Sale Hearing.

23. Unless a Contract Objection is filed and served before the Contract Objection Deadline or the Alternate Contract Objection Deadline, as applicable, all Contract Parties shall be (i) forever barred from objecting to the proposed Cure Costs and from asserting any additional cure or other amounts, and the Debtor and the Successful Bidder shall be entitled to rely solely upon the proposed Cure Costs set forth in the Cure Notice; (ii) deemed to have consented to the assumption or assumption and assignment of the Assumed Contracts and Assumed Leases; (iii) forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed Contracts and Assumed Leases, including, without limitation, any consent rights, or that there is any objection or defense to the assumption and assignment of such Assumed Contracts and Assumed Leases, including without limitation, adequate assurance of future performance; (iv) precluded from objecting to the Cure Costs (if any) and the assumption and assignment; and (v) barred and estopped from asserting or claiming that an Assumed Contract or Assumed Lease contains an enforceable consent right.

35011.1 491241v9

24. The Debtor, the Contract Party, and the Successful Bidder may consensually resolve any Contract Objection prior to, or after, the Sale Hearing. In the event the Contract Objection is not resolved, such Contract Objection will be heard at the Sale Hearing or thereafter. To the extent it is determined that the Cure Cost exceeds the amount set forth in the Cure Notice, the Successful Bidder may determine to not have such Contract or Lease assumed and assigned to it, in which case such Contract or Lease shall not be assumed and shall remain property of the Debtor's estate, subject to any further orders of the Court.

25. The Debtor is hereby authorized to share certain of the Contracts and Leases that contain confidentiality restrictions with Qualified Bidders, including the Stalking Horse Bidder, subject to the terms of the non-disclosure agreement by and between the Debtor and each Qualified Bidder, provided that each such Qualified Bidder requesting access to such confidential Contracts and Leases enters into a non-disclosure agreement with the Debtor, in a form acceptable to the Debtor.

26. In accordance with the provisions of Section 9.2 of the Stalking Horse APA, in the event that the Court approves a transaction with a Qualified Bidder that is not the Stalking Horse Bidder (the "Alternative Transaction"), the Debtor is authorized and directed to pay to the Stalking Horse Bidder as compensation for the Stalking Horse Bidder's efforts in connection with the negotiation and execution of the Stalking Horse APA, and the transactions contemplated thereby, a break-up fee in the amount of Two Hundred Fifteen Thousand Dollars ($215,000.00) (the "Break-Up Fee"), not later than the time of the closing of the Alternative Transaction, in immediately available, good funds of the United States of America,

27. The Stalking Horse Bidder shall have an allowed administrative priority claim in Debtor's bankruptcy case for any portion of the Break-Up Fee that is not paid at the time of closing of the Alternative Transaction pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

35011.1 491241v9

28. In the event Leaders submits a credit bid in accordance with subsection (1) of Section A of the Bidding Procedures, Leaders shall not have the consultation rights provided for in this Order or in the Bidding Procedures.

29. The Court finds that no consumer privacy ombudsman is required under section 363(b)(1) of the Bankruptcy Code.

30. All Qualified Bidders are deemed to have submitted to the exclusive jurisdiction of the Court with respect to all matters between and among any Qualified Bidder and the Debtor related to the Auction and the Sale.

31. All of the dates set forth on the attached <u>Schedule 1</u> are hereby approved.

32. Any payments made to the Debtor's alleged secured creditors at closing of the Sale shall remain subject to the Committee's rights to challenge such creditor's liens and security interests under the applicable orders of this Court preserving such rights.

33. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

34. Notwithstanding the possible applicability of Bankruptcy Rule 6003 or 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

35. The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bidding Procedures.

Dated: November 16, 2017
Chicago, Illinois

THE HONORABLE JANET S. BAER
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

| | |
|---|---|
| Deadline for Debtor to Serve Notice of Sale Hearing and Notice of Entry of Bidding Procedures Order | Within (2) days after entry of the Bidding Procedures Order |
| Deadline for Debtor to Serve Cure Notices | Delivered on or before November 21, 2017 |
| Bid Deadline | December 11, 2017 at 12:00 p.m. (prevailing Central Time) |
| Deadline to Object to Cure Amounts | December 7, 2017 |
| Deadline to Object to Assumption and Assignment of Contracts and Leases to Stalking Horse Bidder | December 7, 2017 |
| Sale Objection Deadline | December 7, 2017 |
| Auction, if necessary | December 13, 2017 at 10:00 a.m. (prevailing Central Time) |
| Deadline of Debtor to File and Serve Notice of Winning Bidder and Amount of Bid | December 14, 2017 at 7:00 a.m. (prevailing Central Time) |
| Deadline to Object to Adequate Assurance of Successful Bidder *other than* Stalking Horse | If a bid other than the Stalking Horse APA is the Successful Bid then parties shall have until the Alternate Contract Objection Deadline (i.e., at or before the Sale Hearing) |
| Sale Hearing | December 14, 2017 at 10:00 a.m. (prevailing Central Time) |