IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Tec-Air, Inc. | ) | Case No. 17-32273 |
| | ) | |
| Debtor. | ) | Hon. JANET S. BAER |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, (B) AUTHORIZING THE USE OF CASH COLLATERAL, (C) GRANTING ADEQUATE PROTECTION, (D) SCHEDULING A FINAL HEARING AND (E) GRANTING RELATED RELIEF**

_____

The United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Ha M. Nguyen, hereby files this Objection to the Debtor's *Motion for Entry of Interim and Final Orders (A) Authorizing the Debtor to Obtain Post-Petition Financing, (B) Authorizing the Use of Cash Collateral, (C) Granting Adequate Protection, (D) Scheduling a Final Hearing and (E) Granting Related Relief* (the "Motion"). *See* Dkt. No. 74.[1] In support of his Objection, the U.S. Trustee respectfully states as follows:

**STANDING**

1.  Section 307 of the Bankruptcy Code, states in pertinent part, that the "United States Trustee may raise and may appear and be heard on any issue in any case or proceeding…" *See* 11 U.S.C. § 307. The U.S. Trustee acts in the public interest to promote the efficiency, and to protect and preserve the integrity of the bankruptcy system. *See* H.R. Rep. No. 95–595 at 88 (1978), 1978 U.S.C.C.A.N. 5963, 6049 (*reprinted in* 1978 U.S.C.C.A.N. at 5787, 5963, 6049)

---

[1] Any capitalized but undefined terms shall have the meanings ascribed to them in the Motion.

1

(stating that the primary role of the U.S. Trustees is to serve as the "bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena").

## JURISDICTION

2. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to Internal Operating Procedure 15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois. The U.S. Trustee has standing to be heard on the issues raised in the Objection under title 11 of the United States Code, section 307.

## PRELIMINARY STATEMENT

3. On November 21, 2017, the Debtor filed its proposed *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Financing, (B) Authorizing the Use of Cash Collateral, (C) Granting Adequate Protection, (D) Scheduling a Final Hearing and (E) Granting Related Relief* ("Proposed Interim Order") [Doc. No. 74-1].

4. Entry of the Proposed Interim Order, whether on an interim or final basis, would elevate Leaders Bank (the "DIP Lender") alleged $5,463,793.53 pre-petition claim to the status of a post-petition super-priority claim through a proposed "roll-up." While roll-ups are approved under rare circumstances (granted the proper protections to disgorge and unwind are in place), the extraordinary relief of a roll-up is typically justified because the DIP lender is providing substantial new money. Here, the DIP Lender is proposing to provide $600,000 of additional funding in exchange for a roll-up of its prepetition debt, which significantly improves its position. Further, the post-petition financing would likely be used to fund a sale of substantially all the assets that would result in an estate that is administratively insolvent. If approved, this proposed roll-up would likely eviscerate the likelihood of any recovery for unsecured creditors.

5.      Second, the DIP Lender's requested default remedy, which will automatically terminate the automatic stay at the end of the Remedies Notice Period (7 days) without further notice or order from this Court, is unwarranted and unfairly leverage the bankruptcy process and powers in favor of the DIP Lender at the expense of other creditors. Further, such relief is impermissible under the Bankruptcy Code.

6.      For these two reasons, the Court should deny the Motion.

## ARGUMENT

7.      Bankruptcy Courts recognize that "[d]ebtors in possession generally enjoy little negotiating power with a proposed lender, particularly when the lender has a prepetition lien on cash collateral." *In re Defender Drug Stores, Inc.*, 145 B.R. 312, 317 (9th Cir. BAP 1992). Bankruptcy courts are cautious not to approve financing terms that are considered harmful to the estate and its creditors. "The Court discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in interest." *See, In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990). Therefore, this Court should not approve a financing agreement that converts the bankruptcy process from one designed to the benefit of all creditors to one designed for the primary benefit of the DIP Lender.

8.      Rule 4001-2A(2) of the Local Rules of this Court requires a debtor seeking post-petition financing to highlight for the Court within the motion any provisions that contemplate the roll-up of pre-petition debt to post-petition debt. The rationale for highlighting such a provision is obvious: the approval of a roll-up will result in the conversion of pre-petition secured debt to post-petition secured debt entitled to administrative priority that must be repaid

in full, in cash, absent the consent of the lender. *See* 11 U.S.C. § 1129(a)(9). Roll-ups are generally not favored because they provide little or no economic benefit to the Debtor, and will solely benefit the pre-petition lender by circumventing the Bankruptcy Code's priorities and distribution framework. *See e.g., Official Comm. Of Unsecured Creditors of New World Pasta Co. v. New World Pasta Co.*, 322 B.R. 560, 569 n.4 (M.D. Pa. 2005)(noting that roll-up provisions "have the effect of improving the priority of a prepetition creditor."). In *In re Verasun*, Case No. 08-12606, Judge Shannon noted that the Bankruptcy Court of the District of Delaware, the Southern District of New York, and other courts have found that "roll-ups are not favored. They are strongly discouraged on day one, and the bottom line is that for approval a substantial showing has to be made…"). *See* Case No. 08-12606 (BLS) (Bankr. D. Del. Dec. 3, 2008) Hr'g Tr. At 32:20-25 [D.I. 316].

9. The U.S. Trustee objects to the efforts of the DIP Lender to roll-up its $5,463,793.53 pre-petition claim. These priority-skipping efforts will significantly improve the DIP Lender's position in this case and prejudice other creditors, while arguably providing little or no material benefit to this estate. While certain favorable terms to the DIP Lender may be permitted as a reasonable exercise of the Debtor's business judgment, this Court should not approve a roll-up that unjustifiably benefit the DIP Lender and prejudices the rights and remedies that are afforded to other creditors under the Bankruptcy Code.

10. In certain situations, roll-ups are approved by courts based upon the unique facts and circumstances of a case. Here, however, the proposed roll-up is not justified by the facts and circumstances in this case. The DIP Lender intends to provide approximately $600,000, in exchange for a roll-up of over five (5) million dollars. Further, the DIP Lender requires that the estate to make adequate protection payments for its reasonable fees, costs, and expenses,

including, without limitation, legal and other professional fees and expenses. Lastly, it appears from the record that this estate will be administratively insolvent. Based on these facts, the Debtor has failed to adequately explain and provide competent evidence as to why the onerous terms of the Proposed Interim Order are necessary or whether it would provide any material benefit to the creditors of this estate. At a minimum, the Debtor has to carry its burden of proving that it have attempted to secure financing from other lenders, or demonstrate that the requested roll-up financing is on terms more favorable than those offered by other lenders. Therefore, the Court should deny the requested roll-up in either its current form or in any modified form, and to the extent that the Court is inclined to give the DIP Lender an administrative priority, this amount should only be equal to the new money being advanced.

11. With respect to the automatic termination of the stay as a default remedy, such relief is fundamentally at odds with Section 362 of the Bankruptcy Code and Rule 4001(a). The Proposed Interim Order provides that "…the automatic stay shall automatically be terminated at the end of the Remedies Notice Period [7 days] without further notice or order…" Proposed Interim Order, ¶ 14(b). The Proposed Interim Order further provide that "…the Debtor or the Committee shall be entitled to seek an emergency hearing with the Court for the **sole purpose of contesting whether an Event of Default has occurred**…" (emphasis added) *Id*. Here, this provision impermissibly shifts the burden of obtaining relief from the automatic stay to the Debtor and the Committee. Additionally, the provision limits the ability of the Debtor and Committee on the issues that can be heard at the emergency hearing. *See, e.g., Ames*, 115 B.R. at 38; (citing *In re Tenney Vill. Co.*, 104 B.R. 562, 568 (Bankr. D.N.H. 1989)) (holding that the terms of a postpetition financing facility must not 'pervert the reorganizational process from one designed to accommodate all classes of creditors…to one specifically crafted for the benefit' of

one creditor). Here, if the DIP Lender wants to take actions against the Post-Petition Collateral, the DIP Lender should be required to comply with the requirements of Section 362 and Rule 4001(a) and file the appropriate motion with notice to all interested parties. By approving the automatic termination of the stay will likely give the DIP Lender undue control over this case, which will allow it to pull the rug from under the estate and its creditors.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order denying the Motion in its present form consistent with the foregoing, and grant such other relief as the Court Deems just and proper.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: <u>November 30, 2017</u>          By<u>: /s/ Ha M. Nguyen</u>
　　　　　　　　　　　　　　　　　　　Ha M. Nguyen, Esq.
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　Office of the U.S. Trustee
　　　　　　　　　　　　　　　　　　　219 South Dearborn, Room 873
　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60604
　　　　　　　　　　　　　　　　　　　(312) 886-3320

## CERTIFICATE OF SERVICE

I, Ha M. Nguyen, an attorney, state that on November 30, 2017, pursuant to Local Rule 9013-1(D), the **OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, (B) AUTHORIZING THE USE OF CASH COLLATERAL, (C) GRANTING ADEQUATE PROTECTION, (D) SCHEDULING A FINAL HEARING AND (E) GRANTING RELATED RELIEF** was filed and served on all parties, either via the Court's Electronic Notice for Registrants or via First Class Mail, as indicated on the service list below.

/s/ Ha M. Nguyen
Ha M. Nguyen, Esq.
U.S. Department of Justice
Office of the U.S. Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(312) 886-3320

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registration:**

- David M Blaskovich     dave@lawdmb.com
- Ira Bodenstein     ibodenstein@shawfishman.com, cowens@shawfishman.com
- Timothy W Brink     tbrink@mpslaw.com, crampich@mpslaw.com
- Edmond M Burke     eburke@chuhak.com, mvasquez@chuhak.com
- Joseph D Frank     jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com;mmatlock@fgllp.com
- Gordon E. Gouveia     ggouveia@shawfishman.com, kjanecki@shawfishman.com
- Jeremy C Kleinman     jkleinman@fgllp.com, ccarpenter@fgllp.com;mmatlock@fgllp.com
- Eugene S. Kraus     ekraus@skcounsel.com
- Jeffrey A Krol     jeffkrol@johnsonkrol.com, docket@johnsonkrol.com;Khuans@johnsonkrol.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Phillip A Martin     pmartin@fmhd.com
- Louis J Phillips     lphillips@pfs-law.com, msiedlecki@pfs-law.com
- Richard A. Saldinger     rsaldinger@llflegal.com
- Christina Sanfelippo     csanfelippo@shawfishman.com, kbobb@shawfishman.com
- Nicole Stefanelli     nstefanelli@cullenanddykman.com
- Miriam R. Stein     mstein@chuhak.com, dgeorge@chuhak.com;vjefferson@chuhak.com

- Terence G Tiu    ttiu@chuhak.com, mdominguez@chuhak.com
- Sheryl Toby    stoby@dykema.com
- Michael Traison    mtraison@cullenanddykman.com

**Via U.S. First Class Mail to Standard Parties:**

Maria A Boelen
Meltzer, Purtill & Stelle LLC
300 South Wacker Drive
Suite 2300
Chicago, IL 60606

Shaw Fishman Glantz & Towbin LLC
321 North Clark Street Suite 800
Chicago, IL 60610

Tec-Air, Inc.
9200 Calmut Ave., Suite NW01
Munster, IN 46321

Quadrant Magnetics, LLC
Attn: Jeffrey Moore
2606 River Green Circle
Louisville, KY 40206

Supply Chain Services International
Attn: Anthony Comella
416 Main Street, Suite 1600
Peoria, IL 61602

Nexus Employment Solutions of Indiana, Inc.
Attn: George Gorman
8135 Kennedy Ave.
Highland, IN 46322

Meany, Inc.
Attn: Daniel Dominy
17401 S. Laflin Ave.
East Hazel Crest, IL 60429

Asahi Kasel Plastics North America
Attn: Craig Poet
900 E. Van Riper Road
Fowlerville, MI 48836

Donald J. Ulrich Associates, Inc.
Attn: Donald J. Ulrich
7 Sycamore Lane
Grosse Pointe, MI 48230

First Call Temporary Services, Inc.
Attn: John Swinehart
8733 Founders Road
Indianapolis, IN 46268