UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS (CHICAGO)
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>TEC-AIR, INC.,<br><br>     Debtor. | Chapter 11<br><br>Case No. 17-32273 (JSB) |

**FINAL ORDER (A) AUTHORIZING AND APPROVING CONTINUED USE
OF THE DEBTOR'S EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS,
AND BUSINESS FORMS AND (B) MODIFYING THE REQUIREMENTS OF
SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the Motion (the "Motion")[1] of Tec-Air, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to sections 105(a), 345(b) and 363(c) of title 11 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 for entry of interim and final orders (a) authorizing and approving the Debtor's continued use of its existing cash management system, prepetition bank accounts, and business forms and (b) modifying the requirements of section 345(b) of the Bankruptcy Code; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this chapter 11 case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 408 and 1409; this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and proper and adequate notice having been given and no other or further notice being required; and a hearing having been held to consider the relief requested in the Motion; and the Court having entered the *Interim Order (A) Authorizing and Approving Continued Use of the Debtor's Existing Cash Management System, Bank Accounts, and Business Forms and (B) Modifying the Requirements of Section 345(b) of the Bankruptcy Code* on [Nov. 1, 2017] [Docket No. 25]; and upon the record of the hearing and all of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

35011.1 475684v1

proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on a final basis, as set forth herein.

2. The Debtor shall be and hereby is authorized pursuant to sections 105(a) and 363(c)(1) to continue to manage the collection and disbursement of its cash utilizing its Cash Management System in the ordinary course of business consistent with its prepetition practices, and to collect and disburse cash in accordance with the Cash Management System.

3. The requirements of the U.S. Trustee Guidelines that the Debtor close all existing Bank Accounts and open new debtor-in-possession accounts are hereby waived.

4. The Debtor is authorized to (a) designate, maintain and continue to use, with the same account numbers, all of its Bank Accounts in existence on the Petition Date, (b) treat each Bank Account for all purposes as an account of the Debtor in its capacity as a debtor-in-possession, and (c) continue using all existing Business Forms, provided, however, that the Debtor shall be required to imprint or stamp "debtor-in-possession" on any checks issued during the chapter 11 case.

5. Each Bank at which any Bank Account is maintained is authorized to continue to service and administer such Bank Account as a depository account of the Debtor as debtor-in-possession without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay, in accordance with this Final Order, any or all checks, drafts, wires or ACH Transfers drawn on such Bank Account.

6.  Each Bank is authorized to accept and rely upon, without further inquiry, all representations from the Debtor as to which checks, drafts, wires or ACH Transfers are dated prior to, on, or after the Petition Date and which checks are to be honored or dishonored, regardless of whether or not such payment or honoring is or is not authorized by an order of the Court. No Bank shall incur, and each is hereby released from, any liability for relying upon the Debtor's instruction as to which checks, drafts, wires or ACH Transfers should be honored or dishonored or for such Bank's inadvertence in honoring any check, draft, wire or ACH Payment at variance from the Debtor's instructions unless such inadvertence constituted gross negligence or willful misconduct on the part of such Bank. The Debtor shall promptly provide a list of checks to each Bank for each Bank Account maintained at such Bank, specifying by check sequencing number, dollar amount and payee information those checks that are to be dishonored by such Bank, which checks may include those issued after the Petition Date as well as those issued prior to the Petition Date that are not to be honored or paid according to any order of the Court, and each Bank may honor all other checks.

7.  Except for those checks, drafts, wires or ACH Transfers that are authorized or required to be honored under an order of the Court, the Debtor shall not instruct nor request any Bank to pay or honor any check, draft or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date.

8.  Notwithstanding anything to the contrary herein, no Bank shall be obligated to honor any check or other payment item drawn on a Bank Account at such Bank unless there are sufficient and collected funds in such Bank Account.

9.  The Debtor and each Bank are hereby authorized to continue to perform pursuant to the terms of any prepetition agreement that exists between them relating to any Bank Account, or other cash management service relating to the Cash Management System, except to the extent

expressly prohibited by this Final Order, and the parties to such agreements shall continue to enjoy the rights, benefits, liens, offset rights, privileges and remedies afforded them under such agreements except to the extent expressly modified by the terms of this Final Order.

10. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided that the Debtor gives notice of the closing of any Bank Accounts or the opening of any new bank accounts within fifteen (15) days thereafter to the Office of the United States Trustee for the Northern District of Illinois and any statutory committee that may be appointed in this chapter 11 case.

11. Any and all bank accounts opened by the Debtor on or after the Petition Date at any Bank shall be deemed a Bank Account subject to this Final Order (as if each such account had been opened prior to the Petition Date), and each Bank at which such an account is opened shall similarly be subject to this Final Order.

12. The Debtor is authorized to deposit the estate's money in accordance with the deposit practices set forth in the Motion or a commercially comparable practice, notwithstanding that such practice may not strictly comply in all instances with the requirements of Bankruptcy Code section 345 or the U.S. Trustee Guidelines and is relieved from the obligations under section 345(b) of the Bankruptcy Code to obtain a bond from any entity with which money is deposited.

13. Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as (a) an admission as to the validity or priority of any claim or lien against the Debtor or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of

35011.1 475684v1

the right of the Debtor to contest the validity and amount of any payment made pursuant to this Final Order.

14.  The requirements set forth in Bankruptcy Rule 6003 are satisfied by the Motion and any evidence presented at any hearing on the Motion.

15.  The requirements of Bankruptcy Rule 6004(a) are waived for the purpose of this Motion, and notwithstanding any applicability of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

16.  This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Final Order.

Dated: 12/14, 2017
Chicago, Illinois

*/s/ Janet S. Baer*

THE HONORABLE JANET S. BAER
UNITED STATES BANKRUPTCY JUDGE

-6-

35011.1 475684v1