**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>T-A WIND DOWN, INC.<br>f/k/a TEC-AIR, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 17-32273 (JSB) |

### NOTICE OF MOTION

      **PLEASE TAKE NOTICE** that on **March 13, 2018, at 9:30 a.m. (prevailing Central Time)**, the above-captioned Debtor shall appear before the Honorable Janet S. Baer of the United States Bankruptcy Court for the Northern District of Illinois, or any other judge sitting in her place and stead, at Courtroom 615 in the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **Debtor's Motion to Enforce** *Final Order (A) Authorizing the Debtor to Obtain Post-Petition Financing, (B) Authorizing the Use of Cash Collateral, (C) Granting Adequate Protection, and (D) Granting Related Relief* **and For Related Relief**, a copy of which is hereby served upon you.

Dated: March 6, 2018

**CULLEN AND DYKMAN LLP**

*/s/ Nicole Stefanelli*
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 849-0220
Facsimile: (973) 849-2020
steele@cullenanddykman.com
nstefanelli@cullenanddykman.com

- and -

Michael H. Traison, Esq.
175 East Delaware Place
Suite 7011
Chicago, Illinois 60611
Telephone: (312) 860-4230
mtraison@cullenanddykman.com

*Counsel to the Debtor and Debtor-in-Possession*

## CERTIFICATE OF SERVICE

Nicole Stefanelli, an attorney, certifies that she caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on March 6, 2018.

/s/ *Nicole Stefanelli*
Nicole Stefanelli, Esq.

Mailing Information for Case 17-32273
Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive email notice/service for this case.

David M Blaskovich on behalf of Creditor Nexus Employment Solutions of Indiana, Inc.
dave@lawdmb.com

Ira Bodenstein on behalf of Other Prof. Official Committee Of Unsecured Creditors
ibodenstein@shawfishman.com, cowens@shawfishman.com

Timothy W Brink on behalf of Interested Party Chatterjee Management Company
tbrink@mpslaw.com, crampich@mpslaw.com

Edmond M Burke on behalf of Creditor Byline bank, as successor in interest to Ridgestone Bank
eburke@chuhak.com, mvasquez@chuhak.com

Joseph D Frank on behalf of Creditor Chicago Electric Sales, Inc.
jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com;mmatlock@fgllp.com

Eugene J Geekie, JR on behalf of Attorney Angstrom Automotive, Inc.
Eugene.geekie@saul.com, cynthia.enright@saul.com

Gordon E. Gouveia on behalf of Other Prof. Official Committee Of Unsecured Creditors
ggouveia@shawfishman.com, kjanecki@shawfishman.com

Michael C. Hammer on behalf of Attorney Angstrom Automotive, Inc.
mchammer2@dickinsonwright.com

Jeremy C Kleinman on behalf of Creditor Chicago Electric Sales, Inc.
jkleinman@fgllp.com, ccarpenter@fgllp.com;mmatlock@fgllp.com

Eugene S. Kraus on behalf of Creditor The Leaders Bank
ekraus@skcounsel.com

Jeffrey A Krol on behalf of Creditor Midwest Pension Plan
jeffkrol@johnsonkrol.com, docket@johnsonkrol.com;Khuans@johnsonkrol.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Phillip A Martin on behalf of Interested Party Haier US Appliance Solutions d/b/a GE
Appliances
pmartin@fmhd.com

Karen Newbury on behalf of Creditor Chicago Electric Sales, Inc.
knewbury@fgllp.com, mmatlock@fgllp.com;ccarpenter@fgllp.com

Ha M Nguyen on behalf of U.S. Trustee Patrick S Layng
ha.nguyen@usdoj.gov

Louis J Phillips on behalf of Creditor Rikki Swin
lphillips@pfs-law.com, msiedlecki@pfs-law.com

Richard A. Saldinger on behalf of Interested Party Haier US Appliance Solutions d/b/a GE
Appliances
rsaldinger@llflegal.com

Christina Sanfelippo on behalf of Other Prof. Official Committee Of Unsecured Creditors
csanfelippo@shawfishman.com, lleekaczmarek@shawfishman.com

Miriam R. Stein on behalf of Creditor Byline bank, as successor in interest to Ridgestone Bank
mstein@chuhak.com, dgeorge@chuhak.com;vjefferson@chuhak.com

Terence G Tiu on behalf of Creditor Byline bank, as successor in interest to Ridgestone Bank
ttiu@chuhak.com, mdominguez@chuhak.com

Sheryl Toby on behalf of Creditor Asahi Kasei Plastics North America, Inc.
stoby@dykema.com

35011.1 524420v6

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

In re:

T-A WIND DOWN, INC.
f/k/a TEC-AIR, INC.,

                    Debtor.

Chapter 11

Case No. 17-32273 (JSB)

## DEBTOR'S MOTION TO ENFORCE *FINAL ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, (B) AUTHORIZING THE USE OF CASH COLLATERAL, (C) GRANTING ADEQUATE PROTECTION, AND (D) GRANTING RELATED RELIEF* AND FOR RELATED RELIEF

T-A Wind Down Inc. f/k/a Tec-Air, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its counsel, respectfully submits this motion (the "Motion") for entry of an order (i) enforcing this Court's *Final Order (A) Authorizing the Debtor to Obtain Post-Petition Financing, (B) Authorizing the Use of Cash Collateral, (C) Granting Adequate Protection, and (D) Granting Related Relief* [Docket No. 126] (the "Final DIP Order"), (ii) compelling The Leaders Bank ("Leaders") to fund the remainder of the DIP Loan (defined below) up to the aggregate amount of $262,852.50, (iii) authorizing the Debtor to pay the Obligations (defined below) and any additional budgeted expenses or administrative claims from proceeds of the DIP Loan, and (iv) awarding attorneys' fees, costs and expenses to the Debtor in connection with this Motion.  In support of this Motion, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT[1]

From the outset, Leaders failed to honor its DIP Loan commitments.  As detailed below, despite numerous draw requests by the Debtor following interim approval of the DIP Loan,

---

[1]  Capitalized terms used but not defined in this Preliminary Statement are defined elsewhere in this Motion.

Leaders refused to fund the DIP Loan.  Instead, Leaders waited until after the sale of substantially all of the Debtor's assets was concluded – and after Leaders could determine how much it would recoup on its fully rolled-up prepetition obligations – before permitting the Debtor to draw under the DIP Loan.  When Leaders finally allowed the Debtor to draw under the DIP Loan, it did so only after insisting upon an extensive reconciliation process for each and every invoice the Debtor sought to pay, thereby exerting improper control over the Debtor.  In the meantime, Leaders had swept every penny from the Debtor's operating account, leaving the Debtor unable to pay certain administrative and priority claims, including obligations it is required to pay under the terms of the Asset Purchase Agreement and under Indiana state law. Leaders ultimately funded only $337,147.50 from the DIP Loan, despite that the Budget reflected a $600,000 draw in Week 9 and demonstrated a need for borrowings up to $600,000, which is the total amount of availability under the DIP Loan.  Leaders, in bad faith, ran out the clock on the DIP Loan and now asserts that no additional borrowings are permitted, despite a provision in the Final DIP Order requiring Leaders to fund the Carve-Out (as defined in the Final DIP Order) and all amounts set forth in the Budget (as defined in the Final DIP Order) ***notwithstanding termination of the DIP Loan***.  *See* Final DIP Order at ¶13.  Despite Leaders' apparent belief to the contrary, the Debtor's Chapter 11 Case did not end when the Sale closed; nor did the Debtor's post-petition, pre-closing obligations become moot; nor did Leaders' commitment to fund the DIP Loan disappear.  To the contrary, Leaders willfully breached the agreement that it made with the Debtor and violated the terms of the Final DIP Order.[2]  Because Leaders swept every penny from the Debtor's operating account and has refused to fully fund the

---

[2]  Leaders agreed to fund the DIP Loan in an amount sufficient to pay the expenses set forth in the Budget.  *See* Final DIP Order at ¶3(b) and (c).  Leaders further agreed to fund all amounts set forth in the budget notwithstanding termination of the DIP Loan.  *See* Final DIP Order at ¶13

DIP Loan, the Debtor has no funds available to pay any additional budgeted expenses or administrative expenses that may arise during the remainder of this Chapter 11 Case and the Debtor is left with an administratively insolvent estate and an inability to bring this Chapter 11 Case to finality.

Leaders' refusal to honor its contractual and Court ordered obligations in this Chapter 11 Case – which provided Leaders with a significant recovery that it would not have attained outside of chapter 11 – should not be condoned. Accordingly, the Debtor respectfully requests that the Court enforce the terms of the Final DIP Order, compel Leaders to fund the remainder of the DIP Loan, authorize the Debtor to pay the obligations described below from proceeds of the DIP Loan, and award attorneys' fees, costs and expenses to the Debtor in connection with this Motion.[3]

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The bases for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Indiana State law, the Final DIP Order and certain other orders previously entered by this Court.

## BACKGROUND

A.      **General Background**

3.      On October 27, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

_____

[3] It is important to note that the Debtor is not seeking to compel Leaders to loan any funds in additional to the aggregate amount available under the DIP Loan.

4.       The Debtor continues to operate its business and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       No trustee or examiner has been appointed in this Chapter 11 Case.

6.       On November 6, 2017, the Office of the United States Trustee for the Northern District of Illinois appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 38].

7.       A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this Chapter 11 Case, is set forth in the *Declaration of Robert J. McMurtry in Support of the Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 10] (the "First Day Declaration").

**B.      Relevant Background**

8.       As of the Petition Date, the Debtor was indebted to Leaders in the amount of $5,463,793.53 (the "Prepetition Leaders Claim") pursuant to that certain Amended, Restated, and Consolidated Term Note dated May 28 2015 and that certain Term Note dated April 26, 2016 (collectively, and together with all other agreements, documents, and instruments executed and/or delivered therewith, the "Leaders Notes"), and that certain Forbearance Agreement dated April 26, 2015, as modified pursuant to that certain First Modification to Forbearance Agreement dated June 30, 2017.

9.       To secure repayment of its obligations under the Leaders Notes, the Debtor granted Leaders a first-priority security interest in and liens on (the "Leaders Prepetition Liens") all of the Debtor's rights, title and interest in and to all of the following assets whether then existing or thereafter arising: all inventory, equipment, accounts (including but not limited to all health-care insurance receivables), chattel paper, instruments (including but not limited to all

promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles), all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media, and all support obligations relating to the foregoing property, all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property, and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property (collectively, the "Leaders Prepetition Collateral").

10.     Prior to the Petition Date, the Debtor determined that, in addition to the use of Leaders' cash collateral, it required additional funds to finance its operations during the pendency of this Chapter 11 Case.  Accordingly, the Debtor entered into negotiations with Leaders regarding post-petition financing, and ultimately entered into a post-petition credit agreement with Leaders (the "DIP Loan Agreement")[4] pursuant to which Leaders agreed to extend post-petition financing to the Debtor in the aggregate principal amount of $6,063,793.53 (the "DIP Loan"), of which $600,000 would be available as "new money."

11.     The Debtor filed a motion (the "DIP Motion") seeking approval of the DIP Loan Agreement on November 21, 2017.  *See* Docket No. 74.

12.     On November 30, 2017, the Court granted the relief requested in the DIP Motion on an interim basis and entered the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Financing, (B) Authorizing the Use of Cash Collateral, (C) Granting Adequate*

---

[4]  A copy of the DIP Loan Agreement is attached as Exhibit 1 to the Interim DIP Order (defined below).

*Protection, (D) Scheduling a Final Hearing and (E) Granting Related Relief* [Docket No. 95] (the "Interim DIP Order").

13.     On December 5, 2017, the Debtor made a request to initiate a draw of $200,000 under the DIP Loan.  Neither Leaders, nor its counsel responded to such request.

14.     In the meantime, the Debtor continued to pursue a higher and better offers for the sale of substantially all of its assets pursuant to the *Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets; (B) Approving Stalking Horse Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Approving the Form and Manner of Notice of Sale, Auction, and Sale Hearing; (E) Establishing Notice and Contract Procedures for the Assumption and Assignment of Assumed Contracts and Assumed Leases; and (F) Granting Related Relief* on November 16, 2017 [Docket No. 63] (the "Bidding Procedures Order").

15.     In addition to the bid of Chatterjee Management Company (the "Stalking Horse Bidder"), the Debtor received three qualified bids for its assets prior to the bid deadline imposed by the Bidding Procedures Order.  Accordingly, the Debtor conducted an auction on December 13, 2017.  At the conclusion of the auction, the Debtor selected Angstrom Automotive Group, LLC ("Purchaser") as the successful bidder with a bid of $6,740,000, which represents an increase of more than $2 million over the initial bid of the Stalking Horse Bidder.

16.     On December 14, 2017, the Court approved the sale of substantially all of the Debtor's assets to Purchaser (the "Sale"), subject to submission of a consensual order.  Thereafter, the Debtor negotiated the terms of an order approving the Sale with various parties in interest, including the Committee, Leaders, Byline Bank and the Office of the United States Trustee.  The Court held a further hearing on December 21, 2017, during which the Debtor presented the Court with the terms of a revised form of order approving the Sale that was agreed

35011.1 524420v6

to by all parties in interest. Following the hearing on December 21, 2017, the Court entered the *Order (A) Authorizing and Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Interests, and Encumbrances; (B) Authorizing the Assumption and Assignment of Executory Contracts and Leases; and (C) Granting Related Relief* [Docket No. 128] (the "Sale Order").

17.     At the same hearing, the Debtor sought final approval of the DIP Motion, including approval of a provision that provided for, among other things, a full roll-up of the Leaders' Prepetition Claim. After the conclusion of the hearing, the Debtor submitted a revised form of final order approving the DIP Motion that was agreed to by all parties in interest. Following the hearing on December 21, 2017, the Court entered the Final DIP Order.

18.     The Final DIP Order provides that "Leaders will fund the Carve-Out and all amounts set forth in the Budget **notwithstanding termination of the DIP Loan**." Final DIP Order at ¶13. Carve-Out is defined in the Final DIP Order as "the sum of (i) all fees required to be paid to the Clerk of the Court and to the U.S. Trustee under 28 U.S.C. § 1930(a); (ii) fees and expense of up to $10,000 incurred by a trustee under section 726(b) of the Bankruptcy Code; and (iii) allowed and unpaid claims for unpaid fees, costs, and expenses of professionals retained by the Debtor in an amount not to exceed $250,000 as set forth in the Budget, and allowed and unpaid claims for unpaid fees, costs, and expenses of professionals retained by the Committee, in an amount not to exceed $100,000 as set forth in the Budget." Final DIP Order at ¶7.

19.     The Sale Order provides for the payment of certain obligations from the proceeds of the Sale. Specifically, the Sale Order provides as follows:

> For purposes of disbursement, the gross Sale proceeds of $6,140,000 will be reduced by the sum of: (i) the Transaction Fee payable to 321 Capital pursuant to the *Order Authorizing the Employment and Retention of Three Twenty-One Capital Partners*

*as Financial Advisor and Investment Banker to the Debtor Effective as of the Petition Date*, in the amount of $450,000, plus expenses in the amount of $15,000; (ii) the Break-Up Fee payable to the Stalking Horse Bidder pursuant to the in the amount of $215,000; (iii) the Holdback Amount (as defined in the Asset Purchase Agreement), in the amount of $300,000; (iv) $250,000 for payment of administrative expense claims of Debtor's counsel, to be held in a debtor-in-possession account (the "DIP Account") pending further order of the Court; (v) $100,000 for payment of administrative expense claims of Committee professionals, to be held in the DIP Account pending further order of the Court; (vi) the $250,000 Unsecured Creditor Carve-Out (as defined below), to be held in the DIP Account pending further order of the Court; and (vii) the sum of $500,000 to Byline Bank at Closing, in full payment of Byline Bank's lien on the PMSI Collateral (as defined in the Final DIP Order) (notwithstanding the foregoing, Byline Bank reserves the right to assert an unsecured deficiency claim). The net proceeds of the Sale (after application of the deductions in the previous sentence) will be disbursed to Leaders at closing: first, in full satisfaction of any amount due and owing under the DIP Loan Agreement (as defined in the Final DIP Order (defined below); and second, in full and final satisfaction of the Leaders Prepetition Claim (as defined in the Final DIP Order).

Sale Order at ¶32.

20.     Prior to the hearing, the Debtor advised Leaders that it intended to request a draw of the full $600,000 available under the DIP Loan.  The Debtor made numerous requests for funding of the full $600,000 available under the DIP Loan to Leaders following the entry of the Final DIP Order.  Attached hereto as Exhibit A are true and correct copies of various e-mails between the Debtor and Leaders evidencing such requests and documenting Leaders' responses to such requests.  As of December 28, 2017, Leaders had funded $126,000 of the DIP Loan.

21.     On December 28, 2017, the Debtor proceeded with the closing of the Sale pursuant to the terms of the Asset Purchase Agreement by and between the Debtor and Purchaser (the "Asset Purchase Agreement").  In connection with the closing, the Debtor circulated a flow of funds statement (the "Flow of Funds") to Purchaser, Leaders, Byline Bank and the Committee

-8-

and made the payments and transfers required under paragraph 32 of the Sale Order, including the establishment of the DIP Account which was funded with $600,000 from the Sale proceeds. The Flow of Funds indicated that after the Debtor made all required payments and transfers under paragraph 32 of the Sale Order from the Sale proceeds, $3,586,000.00 would be distributed to Leaders, leaving $474,000 in the Debtor's operating account, which represented the remainder available under the DIP Loan.  However, on December 29, 2017, Leaders swept all of the funds available in the Debtor's operating account in the total amount of $4,060,000. Following the account sweep by Leaders, the Debtor continued to make draw requests to fund obligations that were set forth in the Budget.  Leaders honored only certain of those requests. Attached hereto as Exhibit B are true and correct copies of various e-mails between the Debtor and Leaders evidencing such requests and documenting Leaders' responses to such requests.

22.     On January 10, 2018, the Debtor made a request to draw under the DIP Loan to cover certain employee obligations included in the Budget.  Specifically, the Debtor sought to pay: (i) $49,328.05 in accrued and unused vacation obligations owing to employees as a result of their termination from the Debtor upon the closing of the Sale to Purchaser and (ii) $45,196.27 in bonus obligations owed to three employees for 2017 pursuant to such employees' prepetition employment agreements with the Debtor (collectively, the "Employee Obligations").  Leaders refused to make an advance under the DIP Loan to fund the Employee Obligations.  Attached hereto as Exhibit C is a true and correct copy of an e-mail chain between the Debtor and Leaders evidencing such request and documenting Leaders' response to such request.

23.     On January 29, 2018, the Debtor provided Leaders with copies of invoices for certain post-petition, pre-closing administrative expense obligations due to vendors in the total amount of $23,481.07 (the "Vendor Obligations").  Leaders refused to fund the Vendor

-9-

Obligations from availability under the DIP Loan and advised the Debtor that because the DIP Loan matured on January 26, 2018, no further draws would be processed. Attached hereto as Exhibit D is a true and correct copy of an e-mail chain between the Debtor and Leaders evidencing such request and documenting Leaders' response to such request.

24.    In addition, following the closing of the Sale, Leaders has refused and continues to refuse to honor numerous checks drawn on the Debtor's employee benefits account (the "Employee Benefits Account") for amounts due to vendors of the health and welfare programs offered by the Debtor to its employees. Attached hereto as Exhibit E are true and correct copies of various e-mails from the Debtor to Leaders requesting that such checks be honored, along with true and correct copies of Leaders' responses to such e-mails. As of the date of this Motion, the total amount outstanding for employee benefits is $70,903.13 (which amount remains subject to reconciliation) (the "Employee Benefits Obligations"). In the ordinary course of the Debtor's business, its third party medical claim administrator would submit checks for payment of fully adjudicated medical claims drawn on the Employee Benefits Account. The Debtor would then fund the Employee Benefits Account, from its operating account, to cover the checks presented against the Employee Benefits Account. The Debtor requested that Leaders continue to follow this process using proceeds from the DIP Loan, however, Leaders refused, instead returning the checks marked "NSF" (not sufficient funds).

25.    Ultimately, Leaders funded only $337,147.50 from the DIP Loan, which included over $60,000 of interest payments, fees and expenses for Leaders. Meanwhile, the Debtor has incurred and continues to incur budgeted administrative expense obligations, including post-petition ordinary course professional fees totaling $12,776.35 and US Trustee fees in an

35011.1 524420v6

undetermined amount[5] (such obligations collectively with the Employee Obligations, the Vendor

Obligations and the Employee Benefits Obligations, the "Obligations").

## RELIEF REQUESTED

26.      By this Motion, the Debtor requests that the Court (i) enforce the terms of the

Final DIP Order, (ii) compel Leaders to fund the remainder of the DIP Loan up to the aggregate

amount of $262,852.50, (iii) authorize the Debtor to pay the Obligations and any additional

budgeted expenses or administrative claims from proceeds of the DIP Loan, and (iv) award

attorneys' fees, costs and expenses to the Debtor in connection with this Motion.   The

Committee supports the relief requested in this Motion.

## BASIS FOR RELIEF

27.      It is fundamental that a bankruptcy court has the inherent authority to interpret

and enforce its own orders.   *In re TWA Inc. Post Confirmation Estate*, 2007 Bankr. LEXIS 3182,

*8-10 (Bankr. Del. 2007).   *See also Heartland Hospital v. Thompson*, 328 F. Supp. 2d 8, 11-12

(D. D.C. 2004), *aff'd*, 415 F.3d 24 (2005) ("Within a court's power to administer its decrees is

the power to construe and interpret the language of the judgment"); *Chandler v. State of

Oklahoma ex rel. Oklahoma Tax Commission (In re Chandler)*, 251 B.R. 872, 877 fn. 5 (B.A.P.

10th Cir. 2000) ("[I]t is well-settled that bankruptcy courts have the power to interpret and

enforce their own orders.").   Moreover, this Court has inherent (or ancillary) jurisdiction to

interpret and enforce its own orders wholly independent of the statutory grant of jurisdiction set

out in section 105(a) of the Bankruptcy Code.   *In re Spiegel, Inc.,* No. 03-11540, 2006 WL

2577825 at *7 (Bankr. S.D.N.Y. Aug. 16, 2006) (citation omitted)); *see also,* 11 U.S.C. § 105(a).

---

[5]   The Debtor estimates that U.S. Trustee fees for the first quarter of 2018 will be $4,875.00.
Pursuant to paragraph 7 of the Final DIP Order, U.S. Trustee fees are part of the Carve-Out and
are unquestionably required to be paid from the DIP Loan, notwithstanding termination of the
DIP Loan. *See* Final DIP Order at ¶7, ¶13. *See also* Note 3, *infra*.

28.     The Final DIP Order provides that "Leaders will fund the Carve-Out and all amounts set forth in the Budget ***notwithstanding termination of the DIP Loan***." Final DIP Order at ¶13 (emphasis added).

29.     The Budget dated December 21, 2017 includes line items for, among other things, (i) Credit Card Charges, (ii) Payroll and Related, (iii) Equipment/IT, (iv) Vendors, and (v) Ordinary Course Professionals. Specifically, line 26 of the Budget shows budgeted credit card liabilities of $15,280. This budgeted line item is to reimburse the Debtor's employees for use of personal credit cards for operating expenses. The Budget also provides for combined payroll and related liabilities of $371,290 at line 32. Budgeted payroll liabilities include all employee obligations including, but not limited to, wages, vacation pay and bonuses. Further, at line 39 of the Budget, $7,914 is included for Equipment/IT liabilities. The Equipment/IT budget line item is for liabilities arising from equipment leases for office copiers and plant equipment (scissors lift). In addition, at line 63 of the Budget, $736,571 is budgeted for vendor liabilities. Vendor liabilities include liabilities arising from purchases of materials and services in the ordinary course of the Debtor's business. Ordinary course materials and services include: production material and supplies, tool repairs, plant supplies, building safety inspections/maintenance and wind-down accounting support services. Finally, at line 75 of the Budget, $17,000 is budgeted for the ordinary course professionals.

30.     The following is a summary of how much was budgeted versus how much was actually disbursed for each of these line items following final approval of the DIP Loan on December 21, 2017:

|                      | Budget       | Actual       | Budget Variance |
|----------------------|--------------|--------------|-----------------|
| **Credit Card Charges** | $15,280.00   | $0.00        | $15,280.00      |
| **Payroll and Related** | $371,290.00  | $191,561.66  | $179,728.34     |
| **Equipment/IT**     | $7,914.00    | $0.00        | $7,914.00       |

35011.1 524420v6

| Vendors | $736,571.00 | $416,338.14 | $320,232.86 |
| Ordinary Course Professionals | $17,000.00 | $0.00 | $17,000.00 |

31.     As set forth in the chart above, all of the Obligations the Debtor seeks to pay are included within the Budget and by refusing to fully fund the DIP Loan, Leaders is in clear violation of the Final DIP Order.[6]

32.     Furthermore, the *Order (I) Authorizing, But Not Directing, the Debtor to Pay Certain Prepetition Wages, Compensation, and Employee Benefits and Continue Payment of Wages, Compensation and Employee Benefits in the Ordinary Course of Business and (II) Authorizing Applicable Banks and Other Financial Institutions to Process and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests Made by the Debtor Related Thereto* [Docket No. 35] (the "Wage Order") expressly authorizes the Debtor to pay the Employee Obligations and Employee Benefits Obligations.  Specifically, the Wage Order authorized the Debtor to: (i) continue to pay its Employees post-petition earnings in the ordinary course of business during this Chapter 11 Case, (ii) continue to honor its vacation and sick leave policies in

---

[6]  In addition to violating the Final DIP Order by refusing to fund the DIP Loan as described herein, Leaders violated the express terms of the Final DIP Order and Sale Order by funding payment of $13,000 due to the U.S. Trustee for fourth quarter 2017 quarterly fees due under 28 U.S.C. § 1930(a) from the DIP Account, which was established pursuant to paragraph 32 of the Sale Order *solely* for the payment of Debtor and Committee professional fees and the $250,000 Unsecured Creditor Carve-Out.  Despite instructions from the Debtor and its counsel that U.S. Trustee fees are to be funded from availability under the DIP Loan, as required under the express terms of the Final DIP Order, Leaders issued a cashier's check from the DIP Account (without obtaining any approval or signatures from the Debtor) to pay the fourth quarter 2017 U.S. Trustee fees. Attached hereto as Exhibit F is a true and correct copy of an e-mail chain between the Debtor and Leaders wherein the Debtor instructed Leaders to pay the U.S. Trustee fees from availability under the DIP Loan.  The Debtor, through counsel to Leaders' counsel, demanded that Leaders return these funds to the account established pursuant to paragraph 32 of the Sale Order, as U.S. Trustee fees are to be paid from DIP Loan borrowings.  Attached hereto as Exhibit G is a true and correct copy of an e-mail from Debtor's counsel evidencing such request. To date, Leaders has not complied with such request.

-13-

the ordinary course of business during this Chapter 11 Case, including honoring accrued PTO

Obligations,[7] and (iii) continue to honor its practices, programs, and policies for its Employees,

including but not limited to certain health and welfare programs, as those practices, programs,

and policies were in effect as of the Petition Date.

33.     Moreover, the Debtor's employees are entitled to payment for their unused

vacation as a result of their termination upon the closing of the Sale because the Debtor has a

published policy declaring that unused vacation will be paid upon termination of employment.

*See* Indiana Code § 22-2-5-1 (the "Wage Payment Statute") (stating that "employees, upon

separation from employment, must be paid the amount due them at their next and usual payday

(unless their whereabouts are unknown)"); *see also Huff v. Biomet, Inc.*, 654 N.E.2d 830, 835

(Ind. Ct. App. 1995) (footnote omitted).  Although the Wage Payment Statute does not define

"wages," the Indiana Court of Appeals has held that vacation pay constitutes deferred

compensation in lieu of wages and is thus subject to the provisions of the statute. *See Jeurissen v.

Amisub, Inc.*, 554 N.E.2d 12, 13 (Ind. Ct. App. 1990).  The Indiana Court of Appeals has further

held that "[v]acation pay is additional wages, earned weekly, where only the time of payment is

deferred. It necessarily follows that, absent an agreement to the contrary, the employee would be

entitled to the accrued vacation pay at the time of termination." *Haxton v. McClure Oil*

---

[7]  In the *Debtor's Motion for Entry of an Order (I) Authorizing, But Not Directing, the Debtor to Pay Certain Prepetition Wages, Compensation, and Employee Benefits and Continue Payment of Wages, Compensation and Employee Benefits in the Ordinary Course of Business and (II) Authorizing Applicable Banks and Other Financial Institutions to Process and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests Made by the Debtor Related Thereto* [Docket No. 6] (the "Wage Motion"), the Debtor disclosed that approximately $60,000 in "PTO Obligations" (which were defined as accrued vacation, paid-time off and personal days earned before the Petition Date) remained outstanding as of the Petition Date.  *See* Wage Motion at ¶ 12.  The Debtor also stated in the Wage Motion that the PTO Obligations continued to accrued for use in the ordinary course of business.  *Id.*

*Corp.,* 697 N.E.2d 1277, 1281 (Ind. Ct. App. 1998) (citing *Die & Mold, Inc. v. Western*, 448 N.E.2d 44, 48 (Ind. Ct. App. 1983)).

34.      In addition, three employment agreements which give rise to the bonus obligations the Debtor seeks to pay under this Motion (included within the Employee Obligations) are prepetition employment agreements.  Accordingly, the Debtor submits that payment of the bonus obligations is an ordinary course transaction that does not require prior Court approval pursuant to section 363(c) of the Bankruptcy Code.  However, because the Debtor has no funds available from which to pay these obligations and Leaders has refused to fund such obligations from the DIP Loan as discussed above, the Debtor had no choice but to file this Motion.

35.      The three employees to whom bonuses are owed provided essential services to the Debtor during the Chapter 11 Case which allowed the Debtor to continue its operations and consummate a successful sale transaction that provided Leaders with a significant recovery that it would not have attained outside of chapter 11.  In particular, the bonuses are based on the following achievements:

        (a)      Chief Operating Officer

- Responsible for turning around operations from under performing in 2016 to performing in 2017.

- Net profit went from a 2016 loss of ($277,194) to an estimated profit of $233,250 – a change of $510,000.

- Gross margin went from 21.29% in 2016 to an estimated 26% in 2017.

- Customer returns for defective manufacturing decreased by over $300,000.

35011.1 524420v6

- Direct production labor went from 13.26% of sales in 2016 to 9.18% of sales in 2017 – a 4.1% change to the bottom line.

- Other manufacturing expenses were reduced by over $300,000.

- These changes allowed the Debtor to be successfully marketed and sold as a successful, ongoing business and drive the value up at auction. This leadership in operations during the marketing, bankruptcy and sale of the Debtor's assets allowed other management to focus on the sale process.

(b)    Chief Financial Officer

- Responsible for all accounting and finance functions of the Debtor.

- Timely tracking and reporting of accurate financial data is and was critical to the successful turnaround of the Debtor's business. The identification in 2016 of "cash-draining" customers and products led to the turnaround strategy that allowed the Debtor to restructure its products and customer lineup. This restructuring resulted in lower sales and higher profits – a net loss of $277,194 in 2016 to an estimated net profit of $233,250 in 2017.

- In addition, the marketing and sale of the Debtor's business would not have been possible without the timely collection and distribution of a significant amount of financial data requested by the investment bankers, potential buyers, bankruptcy counsel and the Debtor's lenders. All of this information was provided timely while still operating the business in the ordinary course prepetition and post-petition in the Chapter 11 Case.

(c)    Senior Sales Engineer

- Responsible for sales generation and application engineering.

- This employee's bonus is based on potential business generation. Each potential buyer during due diligence investigated the potential sales growth opportunity at the Debtor. This employee's efforts in 2017 resulted in $3.97 million in potential recurring annual part sales and $1 million in potential non-recurring one time tooling sales. These results were critical to the

-16-

value derived from the Sale which ultimately benefited the Debtor's estate and creditors.

36.     Finally, the Court should award attorneys' fees, costs and expenses to the Debtor in connection with this Motion.  Section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" [the Bankruptcy Code].   Thus, Bankruptcy Courts "can impose sanctions and make findings of civil contempt."  *See In re Andreas*, 373 B.R. 864, 874 (Bankr. N.D. Ill. 2007). *See also Paloian v. Grupo Serla S.A. de C.V. (In re GGSI Liquidation Inc.)*, 351 B.R. 529, 585 (Bankr. N.D. Ill. 2006), *amended,* 355 B.R. 691 (Bankr. N.D. Ill. 2006) ("The power of contempt is inherent in all courts, as the ability to enforce orders . . . is essential to the orderly administration of justice."); *Baldwin Piano, Inc. v. Deutsche Wurlitzer, GmbH*, No. 03 C 2105, 2004 WL 1323940, at *1 (N.D. Ill. June 15, 2004) ("Courts have inherent and statutory powers to punish a party that fails to comply with the terms of their orders, and to coerce compliance with such orders.").   To establish civil contempt, the complaining party must show that the respondent "has violated the express and unequivocal command of a court order."   *In re Andreas*, 373 B.R. at 874 (quoting *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993)).   *See also Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005); *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001).   A party may be found in contempt if he or she has not been "reasonably diligent and energetic in attempting to accomplish what was ordered."   *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir.1989).   "Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions."   *Tranzact Techs.*, 406 F.3d at 855 (citation omitted).   The Seventh Circuit Court of Appeals has held that attorneys' fees may be awarded for contempt violations at the court's discretion.   *See id.*; *CFTC v. Premex,*

-17-

*Inc.*, 655 F.2d 779, 785 (7th Cir.1981).  For the reasons detailed above, the Debtor submits that, under the circumstances, it is appropriate for this Court to enter an order finding that Leaders has knowingly and willfully violated the Final DIP Order (in addition to other orders noted above) and awarding the Debtor appropriate relief related thereto, including, without limitation, attorneys' fees, costs, expenses in connection with this Motion.

37.     Accordingly, for all of the foregoing reasons, the Debtor submits that this Court should enforce the terms of the Final DIP Order, compel Leaders to fund the remainder of the DIP Loan up to the aggregate amount of $262,852.50, authorize the Debtor to pay the Obligations and any additional budgeted expenses or administrative claims from proceeds of the DIP Loan, and award attorneys' fees, costs and expenses to the Debtor in connection with this Motion.

## NOTICE

38.     No trustee or examiner has been appointed in this Chapter 11 Case.  Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) counsel to Leaders; (c) counsel to the Committee; and (d) all parties that have filed a request for notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(D).  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

39.     No prior application or motion for the relief requested herein has been made by the Debtor to this or any other Court.

35011.1 524420v6

**WHEREFORE,** the Debtor requests the entry of an order granting the relief requested herein together with such other and further relief as the Court deems just and proper.

Dated:  March 6, 2018                                        Respectfully submitted,

                                                  **CULLEN AND DYKMAN LLP**

                                                  */s/ Nicole Stefanelli*        
                                                  S. Jason Teele, Esq.
                                                  Nicole Stefanelli, Esq.
                                                  The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 849-0220
Facsimile: (973) 849-2020
steele@cullenanddykman.com
nstefanelli@cullenanddykman.com

- and -

Michael H. Traison, Esq.
175 East Delaware Place
Suite 7011
Chicago, Illinois 60611
Telephone: (312) 860-4230
mtraison@cullenanddykman.com

*Counsel to the Debtor and Debtor-in-Possession*

# EXHIBIT A

| | |
|---|---|
| **From:** | Hardy, Kathleen |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: DIP |
| **Date:** | Thursday, December 14, 2017 9:38:38 AM |
| **Attachments:** | image001.jpg |

Nancy, I am waiting to hear back from the attorneys.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 14, 2017 9:33 AM
**To:** Hardy, Kathleen
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** RE: DIP

Kathy,
Good morning! Any update on the transfer stated below?
cid:image003.jpg@01D33C20.891E4A00



**From:** Nancy Pearson
**Sent:** Wednesday, December 13, 2017 2:59 PM
**To:** Hardy, Kathleen (KHardy@leadersbank.com) <KHardy@leadersbank.com>
**Cc:** Navolio, Bill (BNavolio@leadersbank.com) <BNavolio@leadersbank.com>; Bob McMurtry
<BMcMurtry@tecairinc.com>
**Subject:** DIP

Kathy,
Please transfer the first $300,000 of the DIP financing today and confirm. Thank you.
cid:image003.jpg@01D33C20.891E4A00



CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized review, use, disclosure or distribution is strictly
prohibited. If you are not the intended recipient, contact the sender via reply email and destroy
all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and
executable programs.

**Total Control Panel**                                                                 Login

To: bmcmurtry@tecairinc.com        Remove this sender from my allow list

From:
khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Tuesday, December 26, 2017 3:02 PM |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: DIP FUNDS |

Nancy, the last list of outstanding checks we had on the operating account was $41M, of which $23M have been paid. Please provide an updated list.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Tuesday, December 26, 2017 2:29 PM
**To:** Hardy, Kathleen
**Cc:** Navolio, Bill ; Bob McMurtry ; Stefanelli, Nicole
**Subject:** RE: DIP FUNDS

Kathy,

I have attached the budget for this week along with the listing of vendors to be paid this week. Please confirm when the $600,000 is in the account today.

Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

**From:** Hardy, Kathleen [mailto:KHardy@leadersbank.com]
**Sent:** Tuesday, December 26, 2017 11:19 AM
**To:** Nancy Pearson <NPearson@tecairinc.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** RE: DIP FUNDS

Nancy, can you send us a specific breakdown of what needs to be paid between now and closing, which we understand is scheduled for tomorrow? We have to compare to the budget before any DIP funding. Thanks.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Tuesday, December 26, 2017 10:27 AM
**To:** Hardy, Kathleen <KHardy@leadersbank.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>; Stefanelli, Nicole <nstefanelli@cullenanddykman.com>; Teele, S. Jason <steele@cullenanddykman.com>
**Subject:** DIP FUNDS

1

Kathy,

Good morning. Please deposit the $600,000 of DIP funds into the Tec Air account ending in 0704 asap today. Tec Air has to wire funds for payroll and other vendors today. The current balance in the account is $35,929.57.

Thank you.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                                    Login

To: bmcmurtry@tecairinc.com              Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Tuesday, December 26, 2017 4:14 PM |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: wire |

Nancy, we are processing this wire now. We are advancing $13,000 on the DIP line to cover the shortfall in the operating account to fund the wire. After discussion with Bill Navolio and Gene Krause, any additional advances on the DIP line will be made on request for specific expenses, as listed in the budget entered on 12/21/17. This wire for payroll exceeds the budgeted amount by $2,005. As far as we have heard, closing is scheduled for tomorrow.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Tuesday, December 26, 2017 2:43 PM
**To:** Hardy, Kathleen ; Broadfoot, Jan
**Cc:** Navolio, Bill ; Bob McMurtry ; Erin Catton
**Subject:** wire
**Importance:** High

Kathy,

I have attached a wire totaling $38,005.14 to Paychex for processing asap today. Please confirm when complete.

Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**

Login

To: bmcmurtry@tecairinc.com                    Remove this sender from my allow list

From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Wednesday, December 27, 2017 1:53 PM |
| **To:** | Nancy Pearson; Broadfoot, Jan |
| **Cc:** | Navolio, Bill; Bob McMurtry; Erin Catton |
| **Subject:** | RE: wires |

Nancy, what are these payments for and what category do they fall in on the budget, vendors?

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Wednesday, December 27, 2017 1:50 PM
**To:** Hardy, Kathleen ; Broadfoot, Jan
**Cc:** Navolio, Bill ; Bob McMurtry ; Erin Catton
**Subject:** wires

Kathy,

I have attached (2) wires for processing today per the listing below. Please confirm when complete.

Thanks.

$7,166.00 GT Solutions
$30,176.00 Washington Penn

I have also revised the CF to include WP and change the GTS amount.

Regards,



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended
recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**

Login

To: bmcmurtry@tecairinc.com          Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Thursday, December 28, 2017 2:34 PM |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: wires |

Yes, I am just having the draw done to cover both, $18M to the OP account and $30M to the EB account.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 28, 2017 2:32 PM
**To:** Hardy, Kathleen
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** RE: wires

And the overdrafts?



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

**From:** Hardy, Kathleen [mailto:KHardy@leadersbank.com]
**Sent:** Thursday, December 28, 2017 2:25 PM
**To:** Nancy Pearson <NPearson@tecairinc.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** RE: wires

OK, they are in process, we will fund from the DIP loan.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 28, 2017 1:58 PM
**To:** Hardy, Kathleen <KHardy@leadersbank.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** wires

Kathy,

I have attached (2) wires for processing today per the listing below. Please confirm when complete.

Thanks.

$635.99 Rickey McGear (employee expense reimbursement)
$15,365.32 Quadrant (production material)

Regards,



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                Login

To: bmcmurtry@tecairinc.com          Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Thursday, December 28, 2017 2:25 PM |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: wires |

OK, they are in process, we will fund from the DIP loan.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 28, 2017 1:58 PM
**To:** Hardy, Kathleen ; Broadfoot, Jan
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** wires

Kathy,

I have attached (2) wires for processing today per the listing below. Please confirm when complete.

Thanks.


$635.99 Rickey McGear (employee expense reimbursement)
$15,365.32 Quadrant (production material)

Regards,



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                 Login

To: bmcmurtry@tecairinc.com                    Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Thursday, December 28, 2017 4:00 PM |
| **To:** | Nancy Pearson; Navolio, Bill |
| **Cc:** | Bob McMurtry |
| **Subject:** | RE: wires |

Nancy, please provide backup for this payroll. If everything is in order, we can send wire tomorrow.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 28, 2017 3:36 PM
**To:** Navolio, Bill ; Hardy, Kathleen
**Cc:** Bob McMurtry ; Stefanelli, Nicole
**Subject:** RE: wires

Bill,

I have attached the revised wire to Paychex totaling $70,983.91. There were some changes made to payroll later today and therefore revised the total to be wired. With respect to the question of closing and the week's payroll, we have discussed with counsel and with the closing of today, we will request that the one day (12/29/17 holiday) be reimbursed back to Leaders from Angstrom, which totals approximately $10k post-closing.

Please confirm processing of the wire today. Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

**From:** Navolio, Bill [mailto:BNavolio@leadersbank.com]
**Sent:** Thursday, December 28, 2017 2:38 PM
**To:** Hardy, Kathleen <KHardy@leadersbank.com>; Nancy Pearson <NPearson@tecairinc.com>
**Cc:** Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** RE: wires
**Importance:** High

What about the issue of the payroll??

I have asked several times now, so let's try this.

I need to hear from your lawyers as to where the closing stands as of this minute. Until I do, I will not honor any further wire requests.

**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL 60523
Direct: (630) 570 − 4967 | Mobile: (630) 712-1949
Main: (630) 572 − 5323 | Fax: (630) 572 − 4979
Email: wnavolio@leadersbank.com
*NMLS # 440116*



---

**From:** Hardy, Kathleen
**Sent:** Thursday, December 28, 2017 2:34 PM
**To:** Nancy Pearson
**Cc:** Navolio, Bill; Bob McMurtry
**Subject:** RE: wires

Yes, I am just having the draw done to cover both, $18M to the OP account and $30M to the EB account.

---

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 28, 2017 2:32 PM
**To:** Hardy, Kathleen <KHardy@leadersbank.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** RE: wires

And the overdrafts?



---

**From:** Hardy, Kathleen [mailto:KHardy@leadersbank.com]
**Sent:** Thursday, December 28, 2017 2:25 PM
**To:** Nancy Pearson <NPearson@tecairinc.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** RE: wires

OK, they are in process, we will fund from the DIP loan.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 28, 2017 1:58 PM
**To:** Hardy, Kathleen <KHardy@leadersbank.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** wires

Kathy,

I have attached (2) wires for processing today per the listing below. Please confirm when complete.

Thanks.


$635.99 Rickey McGear (employee expense reimbursement)
$15,365.32 Quadrant (production material)

Regards,



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.


CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.


CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended

recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

**Total Control Panel**                                                                                                  Login

To: bmcmurtry@tecairinc.com                    Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Thursday, December 28, 2017 10:27 AM |
| **To:** | Nancy Pearson; Broadfoot, Jan |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: ACCOUNTS |

Nancy, we will review items being presented and cover as appropriate.

---

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, December 28, 2017 10:20 AM
**To:** Hardy, Kathleen ; Broadfoot, Jan
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** ACCOUNTS

Kathy,

Good morning. Please confirm a transfer from the DIP to cover the overdrafts in both accounts today. Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

**Total Control Panel**                                                      Login

To: bmcmurtry@tecairinc.com          Remove this sender from my allow list

From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

# EXHIBIT B

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Friday, December 29, 2017 11:07 AM |
| **To:** | Nancy Pearson; Broadfoot, Jan |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: OD |

Nancy, we will transfer later today.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Friday, December 29, 2017 11:04 AM
**To:** Hardy, Kathleen ; Broadfoot, Jan
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** OD

Kathy,

Please confirm a transfer of funds into the 7147 account to cover the OD today. Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                 Login

To: bmcmurtry@tecairinc.com          Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

2

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Friday, December 29, 2017 3:45 PM |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: WIRE |

Nancy, who is this and what is the wire for?

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Friday, December 29, 2017 3:41 PM
**To:** Hardy, Kathleen ; Broadfoot, Jan
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** WIRE

Kathy,

I have attached a wire for processing today totaling $37,161.84 to Shaw Fishman. Please confirm when complete.
Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended
recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                         Login

To: bmcmurtry@tecairinc.com          Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Thursday, January 04, 2018 2:52 PM |
| **To:** | Nancy Pearson; Rajneesh Banga |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | ACH |

We have received an ACH from Paychex for processing tomorrow for $1,980.02, described as an invoice. Please provide backup for this so we can determine if it is a December invoice. If it is not, please advise if we should pay from Angstrom account or return. Thanks.



**Kathleen T. Hardy** | Executive Vice President|Chief Credit Officer
The Leaders Bank | Providing service you deserve.
2001 S. York Road, Suite 150 | Oak Brook, IL 60523
Direct: (630) 570-4932 | Mobile (630) 881-7905
Main: (630) 572-5323 | Fax: (630) 572-4979
Email: khardy@leadersbank.com

Click to view our NEW online lending portal!

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

**Total Control Panel**                                                                 Login

To: bmcmurtry@tecairinc.com                    Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

**Bob McMurtry**

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Thursday, January 04, 2018 3:17 PM |
| **To:** | Nancy Pearson; Rajneesh Banga |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: ACH |

OK, thanks, please send a copy on receipt.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, January 04, 2018 3:08 PM
**To:** Hardy, Kathleen ; Rajneesh Banga
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** RE: ACH

The invoice is for the W2s for the Tec Air employees. I don't have the invoice yet. It is usually sent with the W2 package.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

**From:** Hardy, Kathleen [mailto:KHardy@leadersbank.com]
**Sent:** Thursday, January 04, 2018 2:52 PM
**To:** Nancy Pearson <NPearson@tecairinc.com>; Rajneesh Banga <RBanga@angstrom-usa.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** ACH

We have received an ACH from Paychex for processing tomorrow for $1,980.02, described as an invoice. Please provide backup for this so we can determine if it is a December invoice. If it is not, please advise if we should pay from Angstrom account or return. Thanks.



**Kathleen T. Hardy** | Executive Vice President|Chief Credit Officer
The Leaders Bank | Providing service you deserve.
2001 S. York Road, Suite 150 | Oak Brook, IL 60523
Direct: (630) 570-4932 | Mobile (630) 881-7905
Main: (630) 572-5323 | Fax: (630) 572-4979
Email: khardy@leadersbank.com

Click to view our NEW online lending portal!

Document      Page 48 of 80


CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended
recipient, contact the sender via reply email and destroy all copies of the original message.


This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

duplicateCONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended
recipient, contact the sender via reply email and destroy all copies of the original message.


This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

**Total Control Panel**                                                     Login

To: bmcmurtry@tecairinc.com              Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Friday, January 05, 2018 9:04 AM |
| **To:** | Nancy Pearson; Broadfoot, Jan |
| **Cc:** | Navolio, Bill; Bob McMurtry |
| **Subject:** | RE: ACCOUNT |

Nancy, do you have the actual bill?

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, January 04, 2018 5:33 PM
**To:** Hardy, Kathleen ; Broadfoot, Jan
**Cc:** Navolio, Bill ; Bob McMurtry
**Subject:** RE: ACCOUNT

Kathy,

I have attached the support for the $2500 BOA payment today. Please confirm receipt.

Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

**From:** Hardy, Kathleen [mailto:KHardy@leadersbank.com]
**Sent:** Thursday, January 04, 2018 9:36 AM
**To:** Nancy Pearson <NPearson@tecairinc.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>; Rajneesh Banga
<RBanga@angstrom-usa.com>
**Subject:** RE: ACCOUNT

Nancy, please send backup for the $2,500 ACH from Bank of America. Thanks.

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Thursday, January 04, 2018 9:30 AM
**To:** Hardy, Kathleen <KHardy@leadersbank.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>; Rajneesh Banga
<RBanga@angstrom-usa.com>
**Subject:** ACCOUNT

Kathy,

Good morning. The credit in the 0704 account today is for Angstrom and should be transferred to their account and the ACH debit in the 0704 account is December expense for Tec Air and is approved. Please confirm.

Thanks.



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                 Login

To: bmcmurtry@tecairinc.com                    Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Tuesday, January 09, 2018 11:23 AM |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry; Rajneesh Banga |
| **Subject:** | RE: Operating Account |

Also, please let me know if there are other checks outstanding that are not on the register. If there are, please provide invoices for them, too.

---

**From:** Hardy, Kathleen
**Sent:** Tuesday, January 09, 2018 11:21 AM
**To:** Nancy Pearson (npearson@tecairinc.com)
**Cc:** Navolio, Bill ; Bob McMurtry ; Rajneesh Banga
**Subject:** Operating Account

Nancy, below are checks being presented against the operating account today. None of them are on the check register. Please provide invoices for them so we can determine if they are for services provided, or to be provided. Thanks.

| | |
|---|---|
| (2,139.00) | ck 16672 Welding Supp 12/27 |
| (90.00) | ck 16674 Schwab Paper 12/27 |
| (50.00) | ck 16662 Great Lakes CU 12/27/17 |
| (105.00) | ck 16676 Vedder Price 12/27/17 |
| (467.20) | ck 16673 Weber Pack 12/27/17 |



**Kathleen T. Hardy** | Executive Vice President|Chief Credit Officer
The Leaders Bank | Providing service you deserve.
2001 S. York Road, Suite 150 | Oak Brook, IL 60523
Direct: (630) 570-4932 | Mobile (630) 881-7905
Main: (630) 572-5323 | Fax: (630) 572-4979
Email: khardy@leadersbank.com

Click to view our NEW online lending portal!

---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                                          Login

To: bmcmurtry@tecairinc.com                    Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

# EXHIBIT C

| | |
|---|---|
| **From:** | Navolio, Bill |
| **To:** | Nancy Pearson; Hardy, Kathleen |
| **Cc:** | Bob McMurtry |
| **Subject:** | RE: payroll |
| **Date:** | Friday, January 12, 2018 3:31:55 PM |

Nancy, Bob,

We are not processing this wire. Undisclosed at or prior to closing, not included in court approved budget, etc,

Bill Navilio

**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL  60523
Direct: (630) 570 − 4967 | Mobile: (630) 712-1949
Main: (630) 572 − 5323 | Fax: (630) 572 − 4979
Email: wnavolio@leadersbank.com
*NMLS # 440116*



**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Friday, January 12, 2018 10:29 AM
**To:** Navolio, Bill; Hardy, Kathleen
**Cc:** Bob McMurtry
**Subject:** RE: payroll

Bill,

Good morning!  What is the status of the Paychex wire submitted to Leaders for processing on 1/10/18?

Regards,



**From:** Navolio, Bill [mailto:BNavolio@leadersbank.com]
**Sent:** Thursday, January 11, 2018 8:49 AM
**To:** Nancy Pearson <NPearson@tecairinc.com>; Hardy, Kathleen <KHardy@leadersbank.com>
**Cc:** Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** Re: payroll


This is still under review.

---

**From:** Nancy Pearson <NPearson@tecairinc.com>
**Sent:** Thursday, January 11, 2018 8:42 AM
**To:** Hardy, Kathleen
**Cc:** Navolio, Bill; Bob McMurtry
**Subject:** payroll


Kathy,

Please provide status of the Paychex wire sent yesterday for processing.

Regards,



---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential

and privileged information.  Any unauthorized review, use, disclosure or distribution is strictly prohibited.  If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is strictly prohibited.  If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                             Login

To: bmcmurtry@tecairinc.com      Remove this sender from my allow list
From:
bnavolio@leadersbank.com

*You received this message because the sender is on your allow list.*

## Stefanelli, Nicole

| | |
|---|---|
| **From:** | Bob McMurtry <BMcMurtry@tecairinc.com> |
| **Sent:** | Wednesday, January 10, 2018 1:09 PM |
| **To:** | Navolio,  Bill |
| **Cc:** | Nancy Pearson; Stefanelli, Nicole |
| **Subject:** | RE: LEADERS ON PAYROLL |
| **Attachments:** | termination_checklist.doc; policy manual.pdf; Indiana Law re Vacation Accural.docx; Separation Layoff Letter A. Perez.docx; Vacation Policy HR P 2.2.doc; offer letter kip rupprecht r1.pdf; offer letter Doug Sheets r1.pdf; Nancy Pearson Compensation Agreement.pdf; Nancy Pearson BONUS CALCULATION 2017.pdf; Doug Sheets BONUS CALCULATION 2017.pdf; KR BONUS CALCULATION 2017.pdf |

Bill:

Attached please find the following:

1. BLR description of Indiana employment law regarding payment of accrued vacation.
2. Tec Air vacation policy stating unused vacation will be paid out upon termination of employment.
3. Tec Air Policy Manual.
4. Tec Air termination checklist evidencing our historical practice of paying accrued vacation at termination (as required by Illinois and Indiana law).
5. Example termination letter evidencing the communication of the vacation accrual and payment with final check.

Regarding bonuses, please find the following:

1. Employment Agreement with Doug Sheets, COO including bonus agreement.
2. Employment Agreement with Kip Rupprecht, Sr. Sales Engineer including bonus agreement.
3. Compensation Agreement with Nancy Pearson, CFO including bonus agreement.  Please note, this bonus was previously paid in 2017 for 2016 performance.
4. Bonus payment calculations for each.

Nancy will provide the other detailed info requested.

This accrued vacation and bonus pay payroll will be the last TEC AIR, INC. payroll.



Robert McMurtry
President & CEO
p: 219.301.7062
c: 708.769.8325
bmcmurtry@tecairinc.com
www.tecairinc.com

**From:** Nancy Pearson
**Sent:** Wednesday, January 10, 2018 11:16 AM

**To:** Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** LEADERS ON PAYROLL
**Importance:** High



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

---

**From:** Navolio, Bill [mailto:BNavolio@leadersbank.com]
**Sent:** Wednesday, January 10, 2018 11:10 AM
**To:** Nancy Pearson <NPearson@tecairinc.com>
**Cc:** Hardy, Kathleen <KHardy@leadersbank.com>
**Subject:** Tec Air
**Importance:** High

We received the list set out below from your attorney.

We need a full backup of this;

- Which employees (names) are supposedly entitled to accrued vacation pay AND please include the written HR Policy covering accrued vacation.

- Which employees (names) are supposedly entitled to  bonuses (how much – and how calculated) AND please included the written Compensation Policy covering bonuses.

- I thought all 2017 payroll was previously covered.

Tec Air is going to make a request for a DIP draw to cover its remaining 2017 payroll obligations which include accrued and unpaid vacation pay for TecAir employees who were terminated and rehired by Angstrom, as well as bonuses owed to certain employees.  Below is the break-down of the amounts.   Please call with any questions.  Otherwise, please confirm that this DIP draw will be approved.

| | | |
|---|---|---|
| PAYROLL 1/10/18 ACCRD 2018 | $ | 66,907.25 |
| PAYROLL 1/10/18 UNPAID 2017 | $ | 53,744.35 |
| PAYROLL 1/10/18 BONUS | $ | 45,196.27 |
| | $ | 165,847.87 |

**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL  60523

Direct: (630) 570 – 4967 | Mobile: (630) 712-1949

Main: (630) 572 – 5323 | Fax: (630) 572 – 4979

Email: wnavolio@leadersbank.com

*NMLS # 440116*



---

CONFIDENTIALITY NOTICE:

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is strictly prohibited.  If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

| | |
|---|---|
| **From:** | Nancy Pearson |
| **To:** | Bob McMurtry |
| **Subject:** | LEADERS ON PAYROLL |
| **Date:** | Wednesday, January 10, 2018 11:15:58 AM |
| **Attachments:** | image001.png |
| **Importance:** | High |



Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

**From:** Navolio, Bill [mailto:BNavolio@leadersbank.com]
**Sent:** Wednesday, January 10, 2018 11:10 AM
**To:** Nancy Pearson <NPearson@tecairinc.com>
**Cc:** Hardy, Kathleen <KHardy@leadersbank.com>
**Subject:** Tec Air
**Importance:** High

We received the list set out below from your attorney.

We need a full backup of this;

- Which employees (names) are supposedly entitled to accrued vacation pay AND please include the written HR Policy covering accrued vacation.

- Which employees (names) are supposedly entitled to bonuses (how much – and how calculated) AND please included the written Compensation Policy covering bonuses.

- I thought all 2017 payroll was previously covered.

Tec Air is going to make a request for a DIP draw to cover its remaining 2017 payroll obligations which include accrued and unpaid vacation pay for TecAir employees who were terminated and rehired by Angstrom, as well as bonuses owed to certain employees. Below is the break-down of the amounts. Please call with any questions. Otherwise, please confirm that this DIP draw will be approved.

| | | |
|---|---|---|
| PAYROLL 1/10/18 ACCRD 2018 | $ | 66,907.25 |
| PAYROLL 1/10/18 UNPAID 2017 | $ | 53,744.35 |
| PAYROLL 1/10/18 BONUS | $ | 45,196.27 |
| | $ | 165,847.87 |

**William E. Navolio** | Executive Vice President & General Counsel

The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL  60523

Direct: (630) 570 – 4967 | Mobile: (630) 712-1949

Main: (630) 572 – 5323 | Fax: (630) 572 – 4979

Email: wnavolio@leadersbank.com

*NMLS # 440116*



---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is strictly prohibited.  If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

**Total Control Panel**                                                                 Login

To: npearson@tecairinc.com          Remove this sender from my allow list
From: bnavolio@leadersbank.com

*You received this message because the sender is on your allow list.*

# EXHIBIT D

**Bob McMurtry**

| | |
|---|---|
| **From:** | Navolio,  Bill <BNavolio@leadersbank.com> |
| **Sent:** | Monday, January 29, 2018 10:42 AM |
| **To:** | Nancy Pearson; Hardy, Kathleen; Broadfoot, Jan |
| **Cc:** | Bob McMurtry; Stefanelli, Nicole; Teele, S. Jason; Eugene Kraus |
| **Subject:** | RE: PAYMENTS DUE |

The DIP loan matured on Friday, January 26, 2018.
No further draws will be processed.

William E. Navolio

**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL 60523
Direct: (630) 570 – 4967 | Mobile: (630) 712-1949
Main: (630) 572 – 5323 | Fax: (630) 572 – 4979
Email: wnavolio@leadersbank.com
*NMLS # 440116*



---

**From:** Nancy Pearson [mailto:npearson@tecairllc.com]
**Sent:** Monday, January 29, 2018 10:09 AM
**To:** Hardy, Kathleen; Broadfoot, Jan
**Cc:** Navolio, Bill; Bob McMurtry; Stefanelli, Nicole; Teele, S. Jason
**Subject:** PAYMENTS DUE

Kathy,

Good morning. I have attached the invoices being paid to be funded out of the 0704 account requiring DIP as they are pre-closing Tec Air Inc liabilities.

The check to Paychex is dated 1/18 and is a Tec Air Inc activity that involves the processing of the 1094/95 forms for Tec Air Inc employees for 2017.

Please confirm receipt of this information.

Regards,

Nancy Pearson
Chief Financial Officer
p: 219.301.7060
npearson@tecairinc.com
www.tecairinc.com

CONFIDENTIALITY NOTICE:

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

**Total Control Panel**                                                   Login

To: bmcmurtry@tecairllc.com                    Remove this sender from my allow list
From: bnavolio@leadersbank.com

*You received this message because the sender is on your allow list.*

# EXHIBIT E

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Tuesday, January 09, 2018 11:40 AM |
| **To:** | Nancy Pearson |
| **Cc:** | Navolio, Bill; Bob McMurtry; Rajneesh Banga |
| **Subject:** | Checks |

Nancy, these items are coming through the employee benefit account today. They are not on the register. Can you update that register too, so we know what is outstanding and when the checks were issued? Thanks.

| | | |
|---|---|---|
| (124.07) | Ck 18460 | Community Hosp 12/21 |
| (215.00) | ck 18456 | Hinsdale Eye 12/21/17 |
| (175.00) | ck 18457 | Hinsdale Eye 12/21/17 |



**Kathleen T. Hardy** | Executive Vice President|Chief Credit Officer
The Leaders Bank | Providing service you deserve.
2001 S. York Road, Suite 150 | Oak Brook, IL 60523
Direct: (630) 570-4932 | Mobile (630) 881-7905
Main: (630) 572-5323 | Fax: (630) 572-4979
Email: khardy@leadersbank.com

**in** Click to view our NEW online lending portal!

---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

**Total Control Panel**                                                                 Login

To: bmcmurtry@tecairinc.com              Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Navolio, Bill <BNavolio@leadersbank.com> |
| **Sent:** | Thursday, January 25, 2018 9:48 AM |
| **To:** | Bob McMurtry |
| **Subject:** | RE: RETURNED CHECK |

See Kathy's response.

**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL 60523
Direct: (630) 570 – 4967 | Mobile: (630) 712-1949
Main: (630) 572 – 5323 | Fax: (630) 572 – 4979
Email: wnavolio@leadersbank.com
*NMLS # 440116*



---

**From:** Hardy, Kathleen
**Sent:** Thursday, January 25, 2018 9:30 AM
**To:** Navolio, Bill
**Subject:** RE: RETURNED CHECK

Bill, when he is talking about the insurance claims in #2 he is talking about the checks that are coming in against the EB account, the three items we returned. What we asked for is claims that they have placed against the stop loss policy and any payments they have received from Allied on those claims. We've asked twice and last response was on 1/18, that Nancy had requested an update from Allied and would provide when received.

---

**From:** Bob McMurtry [mailto:BMcMurtry@tecairinc.com]
**Sent:** Wednesday, January 24, 2018 4:51 PM
**To:** Navolio, Bill <BNavolio@leadersbank.com>; Nancy Pearson <NPearson@tecairinc.com>; Hardy, Kathleen <KHardy@leadersbank.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>
**Cc:** 'Stefanelli, Nicole' <nstefanelli@cullenanddykman.com>
**Subject:** RE: RETURNED CHECK

Bill:

1. NWC Adjustment - Per the APA, Tec Air was required to deliver the Working Capital Statement to Purchaser. We have provided the Working Capital Statement to Purchaser. It is my understanding that Purchaser has 15 days to review the Working Capital Statement and determine its impact on the purchase price. We have been instructed not to distribute the Working Capital Statement until the Purchaser completes their review.
2. The information on insurance claims has been sent by Nancy to Leaders. We are providing the information on claims checks as we receive the information from Allied. The date of service is the controlling date as to whether

1

the liability is the responsibility of Tec Air, Inc. or Tec Air, LLC. Nancy has provided that information as well. Please see the attached email with attachment that identifies the date of service.

What additional information do you need to see to process the checks whether they be medical claims or general A/P checks?



---

**From:** Navolio, Bill [mailto:BNavolio@leadersbank.com]
**Sent:** Wednesday, January 24, 2018 3:49 PM
**To:** Nancy Pearson <NPearson@tecairinc.com>; Hardy, Kathleen <KHardy@leadersbank.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>
**Cc:** Bob McMurtry <BMcMurtry@tecairinc.com>; 'Stefanelli, Nicole' <nstefanelli@cullenanddykman.com>
**Subject:** RE: RETURNED CHECK


Communication seems to be an issue in this matter.

NO INFORMATION ON WORKING CAPITAL ADJUSTMENT.

NO INFORMATION ON INSURANCE CLAIMS AND PAYMENTS FROM ALLIED.

3 checks from January returned.


**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL 60523
Direct: (630) 570 – 4967 | Mobile: (630) 712-1949
Main: (630) 572 – 5323 | Fax: (630) 572 – 4979
Email: wnavolio@leadersbank.com
*NMLS # 440116*



---

**From:** Nancy Pearson [mailto:NPearson@tecairinc.com]
**Sent:** Wednesday, January 24, 2018 3:42 PM
**To:** Hardy, Kathleen; Broadfoot, Jan

**Cc:** Navolio, Bill; Bob McMurtry; 'Stefanelli, Nicole'
**Subject:** RETURNED CHECK

Kathy,

Why was check #18466 returned today in the 7147 account? And why is there no communication from Leaders regarding these returned checks?

Please respond.



CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                        Login

To: bmcmurtry@tecairinc.com          Remove this sender from my allow list
From: bnavolio@leadersbank.com

*You received this message because the sender is on your allow list.*

## Bob McMurtry

| | |
|---|---|
| **From:** | Hardy, Kathleen <KHardy@leadersbank.com> |
| **Sent:** | Friday, February 02, 2018 4:09 PM |
| **To:** | Rajneesh Banga |
| **Cc:** | Navolio, Bill; Bob McMurtry; Nancy Pearson |
| **Subject:** | RE: Operating Account |

Raj, there were 7 checks presented, all of which were returned today. If you have any further questions, let me know.

---

**From:** Rajneesh Banga [mailto:RBanga@angstrom-usa.com]
**Sent:** Friday, February 02, 2018 3:54 PM
**To:** Hardy, Kathleen
**Cc:** Navolio, Bill ; Bob McMurtry ; Nancy Pearson (npearson@tecairinc.com)
**Subject:** RE: Operating Account

Kathy,

There are (8) Medical insurance claim checks presented on account 7147 (employee benefits account)

New Tec Air LLC liability – check #18488 (will be funded by Angstrom account)

Old Tec Air Inc liability – (7) remaining checks

Nancy can provide any other details, if needed.

Regards,
Raj Banga
Ph: 1-248-212-1131 (M)

---

**From:** Hardy, Kathleen [mailto:KHardy@leadersbank.com]
**Sent:** Friday, February 2, 2018 3:26 PM
**To:** Rajneesh Banga <RBanga@angstrom-usa.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>; Nancy Pearson (npearson@tecairinc.com) <npearson@tecairinc.com>
**Subject:** RE: Operating Account

OK, thanks.

---

**From:** Rajneesh Banga [mailto:RBanga@angstrom-usa.com]
**Sent:** Friday, February 02, 2018 1:23 PM
**To:** Hardy, Kathleen <KHardy@leadersbank.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>; Nancy Pearson (npearson@tecairinc.com) <npearson@tecairinc.com>
**Subject:** RE: Operating Account

Hi Kathy,
Please transfer the Prairie Square debit to Angstrom and please return the Tesla's debit. Thank you.

1

Regards,
Raj Banga
Ph: 1-248-212-1131 (M)

---

**From:** Hardy, Kathleen [mailto:KHardy@leadersbank.com]
**Sent:** Friday, February 2, 2018 11:26 AM
**To:** Rajneesh Banga <RBanga@angstrom-usa.com>
**Cc:** Navolio, Bill <BNavolio@leadersbank.com>; Bob McMurtry <BMcMurtry@tecairinc.com>; Nancy Pearson (npearson@tecairinc.com) <npearson@tecairinc.com>
**Subject:** Operating Account

There are two ACH debits to the Tec Air operating account today, one for $1,280 from Prairie Square and one for $2,954.16 from Tesla. Raj, please advise if these are to be paid, moved to the Angstrom account, or returned. The incoming credits will be transferred to Angstrom. Thank you.



**Kathleen T. Hardy** | Executive Vice President|Chief Credit Officer
The Leaders Bank | Providing service you deserve.
2001 S. York Road, Suite 150 | Oak Brook, IL 60523
Direct: (630) 570-4932 | Mobile (630) 881-7905
Main: (630) 572-5323 | Fax: (630) 572-4979
Email: khardy@leadersbank.com
Click to view our NEW online lending portal!

---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

---

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                                                          Login

To: bmcmurtry@tecairinc.com                          Remove this sender from my allow list
From: khardy@leadersbank.com

*You received this message because the sender is on your allow list.*

# EXHIBIT F

## Bob McMurtry

| | |
|---|---|
| **From:** | Navolio, Bill <BNavolio@leadersbank.com> |
| **Sent:** | Wednesday, January 31, 2018 1:45 PM |
| **To:** | Eugene Kraus; Nancy Pearson; Bob McMurtry |
| **Cc:** | Stefanelli, Nicole; Teele, S. Jason; Hardy, Kathleen; Broadfoot, Jan |
| **Subject:** | FW: invoice |
| **Attachments:** | DOC_20180116164135.pdf |

**Importance:**      High

Please forward all further communications concerning this matter to Mr. Kraus with a copy to me.
The Dip loan matured on 1/26/2018.
**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL 60523
Direct: (630) 570 – 4967 | Mobile: (630) 712-1949
Main: (630) 572 – 5323 | Fax: (630) 572 – 4979
Email: wnavolio@leadersbank.com
*NMLS # 440116*



---

**From:** Nancy Pearson [mailto:npearson@tecairllc.com]
**Sent:** Wednesday, January 31, 2018 1:21 PM
**To:** Hardy, Kathleen; Broadfoot, Jan
**Cc:** Navolio, Bill; Bob McMurtry; Stefanelli, Nicole; Teele, S. Jason
**Subject:** FW: invoice
**Importance:** High
Kathy,
Please process the payment to the US Trustee as stated below and confirm. Thanks.



---

**From:** Stefanelli, Nicole [mailto:nstefanelli@cullenanddykman.com]
**Sent:** Wednesday, January 31, 2018 1:03 PM
**To:** Nancy Pearson <npearson@tecairllc.com>
**Cc:** Bob McMurtry <BMcMurtry@tecairllc.com>; Teele, S. Jason <steele@cullenanddykman.com>
**Subject:** FW: invoice
Nancy,
Please forward the invoice with the cover email below to Leaders and copy us. Thanks.
**Nicole Stefanelli**
Partner

1

**Cullen and Dykman LLP**
One Riverfront Plaza
Newark, New Jersey 07102
T: 973.849.9026 | F: 973.849.2020 | C: 973.699.4201
E: nstefanelli@CullenandDykman.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

***

Attached is an invoice from the Office of the United States Trustee for quarterly fees for the 4th quarter of 2017. As noted on the invoice, the amount due is an estimated balance because the Debtor had not yet filed its monthly operating report setting forth the actual disbursements for the 4th quarter of 2017. The actual disbursements for the 4th quarter of 2017 are as follows:

| TRUSTEE INFO | 0704 ACCT | 7147 ACCT |
|---|---|---|
| OCT 27-31 DISBURSEMENTS | $ 150,533.43 | $ 4,190.10 |
| NOVEMBER DISBURSEMENTS | $ 924,211.57 | $ 7,483.50 |
| DECEMBER DISBURSEMENTS | $ 6,779,776.49 | $ 213,621.81 |
| | $ 7,854,521.49 | $ 225,295.41 |
| | | |
| TOTAL BOTH ACCOUNTS | $ 8,079,816.90 | |

Pursuant to 28 U.S.C. § 1930, the actual quarterly fee for the 4th quarter of 2017 will be $13,000. This amount must be paid by Leaders from availability under the DIP Loan.

CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.

**Total Control Panel**                                                           Login

To: bmcmurtry@tecairinc.com            Remove this sender from my allow list
From: bnavolio@leadersbank.com

*You received this message because the sender is on your allow list.*

# EXHIBIT G

## Stefanelli, Nicole

| | |
|---|---|
| **From:** | Stefanelli, Nicole |
| **Sent:** | Friday, February 02, 2018 11:20 AM |
| **To:** | 'Eugene Kraus' |
| **Cc:** | Teele, S. Jason |
| **Subject:** | RE: invoice |

Gene,

We received an email from our client yesterday advising that the $13,000 for US Trustee fees was paid out of the Debtor-in-Possession account established pursuant to the Sale Order which is reserved for Debtor and Committee professional fees and the $250,000 Unsecured Creditor Carve-Out.  Please confirm and if the $13,000 was paid out of this account, please instruct your client to return the $13,000 as US Trustee fees were to be paid out of DIP Loan borrowings.

Thank you.

**Nicole Stefanelli**
Partner
**Cullen and Dykman LLP**
One Riverfront Plaza
Newark, New Jersey 07102
T: 973.849.9026 | F: 973.849.2020 | C: 973.699.4201
E: nstefanelli@CullenandDykman.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

**From:** Eugene Kraus [mailto:EKraus@skcounsel.com]
**Sent:** Wednesday, January 31, 2018 3:07 PM
**To:** Stefanelli, Nicole
**Subject:** RE: invoice

You are absolutely correct.

Thank you.

**From:** Stefanelli, Nicole [mailto:nstefanelli@cullenanddykman.com]
**Sent:** Wednesday, January 31, 2018 2:05 PM
**To:** Eugene Kraus <EKraus@skcounsel.com>
**Subject:** RE: invoice

Gene,

Attached is the invoice.  However, the invoice is meaningless as US Trustee fees are calculated pursuant to 28 U.S.C. § 1930 based on actual disbursements.  This invoice does not take into account the actual disbursements, which are outlined below.  It is dated for January 5, 2018, though I am not sure when it was issued to the Debtor nor do I believe it matters.  US Trustee fees are covered by the Carveout.

Regards,

**Nicole Stefanelli**
Partner
**Cullen and Dykman LLP**
One Riverfront Plaza
Newark, New Jersey 07102
T: 973.849.9026 | F: 973.849.2020 | C: 973.699.4201
E: nstefanelli@CullenandDykman.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

**From:** Eugene Kraus [mailto:EKraus@skcounsel.com]
**Sent:** Wednesday, January 31, 2018 3:00 PM
**To:** Stefanelli, Nicole
**Subject:** RE: invoice

Dear Nicole:

Please provide me with a copy of the invoice from the UST's office.  Also, when was it issued to the Debtor?

Thanks.  Gene

**From:** Stefanelli, Nicole [mailto:nstefanelli@cullenanddykman.com]
**Sent:** Wednesday, January 31, 2018 1:48 PM
**To:** Eugene Kraus <EKraus@skcounsel.com>
**Cc:** Teele, S. Jason <steele@cullenanddykman.com>; Hardy, Kathleen <KHardy@leadersbank.com>; Broadfoot, Jan <JBroadfoot@leadersbank.com>; Navolio, Bill <BNavolio@leadersbank.com>; Nancy Pearson <NPearson@tecairinc.com>; Bob McMurtry <BMcMurtry@tecairinc.com>
**Subject:** RE: invoice

Gene,

Please confirm that Leaders will pay the US Trustee fees listed below and any additional US Trustee fees due under 28 U.S.C. § 1930 in accordance with the Final DIP Order.

Regards,

**Nicole Stefanelli**
Partner
**Cullen and Dykman LLP**
One Riverfront Plaza
Newark, New Jersey 07102
T: 973.849.9026 | F: 973.849.2020 | C: 973.699.4201
E: nstefanelli@CullenandDykman.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

**From:** Navolio, Bill [mailto:BNavolio@leadersbank.com]
**Sent:** Wednesday, January 31, 2018 2:45 PM

**To:** Eugene Kraus; Nancy Pearson; Bob McMurtry
**Cc:** Stefanelli, Nicole; Teele, S. Jason; Hardy, Kathleen; Broadfoot, Jan
**Subject:** FW: invoice
**Importance:** High


Please forward all further communications concerning this matter to Mr. Kraus with a copy to me.

The Dip loan matured on 1/26/2018.

**William E. Navolio** | Executive Vice President & General Counsel
The Leaders Bank | 2001 York Road Suite 150 | Oak Brook, IL  60523
Direct: (630) 570 – 4967 | Mobile: (630) 712-1949
Main: (630) 572 – 5323 | Fax: (630) 572 – 4979
Email: wnavolio@leadersbank.com
*NMLS # 440116*



---

**From:** Nancy Pearson [mailto:npearson@tecairllc.com]
**Sent:** Wednesday, January 31, 2018 1:21 PM
**To:** Hardy, Kathleen; Broadfoot, Jan
**Cc:** Navolio, Bill; Bob McMurtry; Stefanelli, Nicole; Teele, S. Jason
**Subject:** FW: invoice
**Importance:** High


Kathy,

Please process the payment to the US Trustee as stated below and confirm.  Thanks.




---

**From:** Stefanelli, Nicole [mailto:nstefanelli@cullenanddykman.com]
**Sent:** Wednesday, January 31, 2018 1:03 PM
**To:** Nancy Pearson <npearson@tecairllc.com>
**Cc:** Bob McMurtry <BMcMurtry@tecairllc.com>; Teele, S. Jason <steele@cullenanddykman.com>
**Subject:** FW: invoice

Nancy,

Please forward the invoice with the cover email below to Leaders and copy us.  Thanks.


**Nicole Stefanelli**
Partner
**Cullen and Dykman LLP**
One Riverfront Plaza
Newark, New Jersey 07102
T: 973.849.9026 | F: 973.849.2020 | C: 973.699.4201
E: nstefanelli@CullenandDykman.com

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.


***


Attached is an invoice from the Office of the United States Trustee for quarterly fees for the 4th quarter of 2017.  As noted on the invoice, the amount due is an estimated balance because the Debtor had not yet filed its monthly operating report setting forth the actual disbursements for the 4th quarter of 2017.  The actual disbursements for the 4th quarter of 2017 are as follows:

| TRUSTEE INFO | 0704 ACCT | 7147 ACCT |
|---|---|---|
| OCT 27-31 DISBURSEMENTS | $     130,333.43 | $     4,190.10 |
| NOVEMBER DISBURSEMENTS | $     924,211.57 | $     7,483.50 |
| DECEMBER DISBURSEMENTS | $  6,779,776.49 | $  213,621.81 |
|  | $  7,834,321.49 | $  225,295.41 |
|  |  |  |
| TOTAL BOTH ACCOUNTS | $  8,079,816.90 |  |

Pursuant to 28 U.S.C. § 1930, the actual quarterly fee for the 4th quarter of 2017 will be $13,000.  This amount must be paid by Leaders from availability under the DIP Loan.


CONFIDENTIALITY NOTICE:
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is strictly prohibited.  If you are not the intended recipient, contact the sender via reply email and destroy all copies of the original message.

This message has been scanned for spam, viruses, trojans, inappropriate language, and executable programs.