**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>T-A WIND DOWN, INC.<br>f/k/a TEC-AIR, INC.,<br><br>Debtor. | Chapter 7 (converted from<br>Chapter 11)<br><br>Honorable Janet S. Baer<br><br>Hearing Date: July 10, 2018<br>Hearing Time: 9:30 a.m. |

<u>**NOTICE OF MOTION**</u>

**PLEASE TAKE NOTICE** that on **July 10, 2018 at 9:30 a.m. (prevailing Central time)** or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Janet S. Baer of the United States Bankruptcy Court for the Northern District of Illinois, or any other judge sitting in her place and stead, at Courtroom 615 in the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **Final Application of Cullen and Dykman LLP as Counsel to the Debtor for Allowance of Compensation and Reimbursement of Expenses** for the allowance of final compensation in the amount of $361,671.00 and reimbursement of expenses in the amount of $12,359.67 for the period October 27, 2017 through May 31, 2018, a copy of which is attached and herewith served upon you.

Dated:  June 18, 2018

**CULLEN AND DYKMAN LLP**

 _/s/ Nicole Stefanelli_
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 849-0220
Facsimile: (973) 849-2020
steele@cullenanddykman.com
nstefanelli@cullenanddykman.com

- and -

Michael H. Traison, Esq.
175 East Delaware Place
Suite 7011
Chicago, Illinois 60611
Telephone: (312) 860-4230
mtraison@cullenanddykman.com

*Counsel to the Debtor*

## CERTIFICATE OF SERVICE

Nicole Stefanelli, an attorney, certifies that she caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on June 18, 2018.

/s/ *Nicole Stefanelli*
Nicole Stefanelli, Esq.

**Mailing Information for Case 17-32273**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case.

David M Blaskovich on behalf of Creditor Nexus Employment Solutions of Indiana, Inc.
dave@lawdmb.com

Ira Bodenstein on behalf of Other Prof. Official Committee Of Unsecured Creditors
ibodenstein@foxrothschild.com, pcarraway-love@foxrothschild.com

Timothy W Brink on behalf of Interested Party Chatterjee Management Company
tbrink@mpslaw.com, crampich@mpslaw.com

Edmond M Burke on behalf of Creditor Byline bank, as successor in interest to Ridgestone Bank
eburke@chuhak.com, mvasquez@chuhak.com

Scott R Clar on behalf of Trustee Gregg Szilagyi
sclar@craneheyman.com, mjoberhausen@craneheyman.com;asimon@craneheyman.com

Jeffrey C Dan on behalf of Trustee Gregg Szilagyi
jdan@craneheyman.com,
sclar@craneheyman.com;jmunoz@craneheyman.com;dkane@cranesimon.com

Joseph D Frank on behalf of Creditor Chicago Electric Sales, Inc.
jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com;mmatlock@fgllp.com

Eugene J Geekie, JR on behalf of Attorney Angstrom Automotive, Inc.
Eugene.geekie@saul.com, cynthia.enright@saul.com

Gordon E. Gouveia on behalf of Other Prof. Official Committee Of Unsecured Creditors
ggouveia@foxrothschild.com, kjanecki@foxrothschild.com

Michael C. Hammer on behalf of Attorney Angstrom Automotive, Inc.
mchammer2@dickinsonwright.com

David L Kane on behalf of Trustee Gregg Szilagyi
dkane@cranesimon.com, jmunoz@craneheyman.com;jdan@cranesimon.com

Jeremy C Kleinman on behalf of Creditor Chicago Electric Sales, Inc.
jkleinman@fgllp.com, ccarpenter@fgllp.com;mmatlock@fgllp.com

Eugene S. Kraus on behalf of Creditor The Leaders Bank
ekraus@skcounsel.com

Jeffrey A Krol on behalf of Creditor Midwest Pension Plan
jeffkrol@johnsonkrol.com, docket@johnsonkrol.com;Khuans@johnsonkrol.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Phillip A Martin on behalf of Interested Party Haier US Appliance Solutions d/b/a GE
Appliances
pmartin@fmhd.com

Karen Newbury on behalf of Creditor Chicago Electric Sales, Inc.
knewbury@fgllp.com, mmatlock@fgllp.com;ccarpenter@fgllp.com

Ha M Nguyen on behalf of U.S. Trustee Patrick S Layng
ha.nguyen@usdoj.gov

Louis J Phillips on behalf of Creditor Rikki Swin
lphillips@pfs-law.com, msiedlecki@pfs-law.com

Richard A. Saldinger on behalf of Interested Party Haier US Appliance Solutions d/b/a GE
Appliances
rsaldinger@llflegal.com

Christina Sanfelippo on behalf of Other Prof. Official Committee Of Unsecured Creditors
csanfelippo@shawfishman.com, orafalovsky@shawfishman.com

Nicole Stefanelli on behalf of Debtor 1 T-A WIND DOWN, INC.
nstefanelli@cullenanddykman.com

Miriam R. Stein on behalf of Creditor Byline bank, as successor in interest to Ridgestone Bank
mstein@chuhak.com, dgeorge@chuhak.com;vjefferson@chuhak.com

Gregg Szilagyi
gs@tailserv.com, gszilagyi@ecf.epiqsystems.com;gszilagyi@epiqtrustee.com

Terence G Tiu on behalf of Creditor Byline bank, as successor in interest to Ridgestone Bank
ttiu@chuhak.com, mdominguez@chuhak.com

Sheryl Toby on behalf of Creditor Asahi Kasei Plastics North America, Inc.
stoby@dykema.com

Michael Traison on behalf of Debtor 1 T-A WIND DOWN, INC.
mtraison@cullenanddykman.com

Brian Wilson on behalf of Interested Party Janet RIVETT
bwilson@foxswibel.com, ewatts@foxswibel.com,bkdocket@foxswibel.com


**Manual Notice List Via U.S. Regular Pre-Paid Mail**

The following is the list of parties who are note on the list to receive email notice/service
for this case (who tehrefore requried manual noticing/service).

Maria A Boelen on behalf of Interested Party Chatterjee Management Company
Meltzer, Purtill & Stelle LLC
300 South Wacker Drive
Suite 2300
Chicago, IL 60606


Shaw Fishman Glantz & Towbin LLC on behalf of Other Prof. Official Committee
of Unsecured Creditors
321 North Clark Street Suite 800
Chicago, IL 60610

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

In re:

T-A WIND DOWN, INC.
f/k/a TEC-AIR, INC.,

             Debtor.

Chapter 7 (converted from Chapter 11)

Honorable Janet S. Baer

Hearing Date: July 10, 2018
Hearing Time: 9:30 a.m.

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Cullen and Dykman LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Order Authorizing Employment: | November 20, 2017 |
| Period for Which Compensation is Sought: | October 27, 2017 through May 31, 2018 |
| Amount of Fees Sought: | $361,671.00[1] |
| Amount of Expense Reimbursement Sought: | $12,359.22 |

| This is a(n): | ☐ Interim Application | x Final Application |
|---|---|---|

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

| | |
|---|---|
| Applicant: | Cullen and Dykman LLP |
| Date:  June 18, 2018 | By:   _/s/ Nicole Stefanelli_____ |
| | Counsel to the Debtor |

---

[1]  This amount reflects a fee reduction in the amount of $11,157.50, agreed upon by Cullen and Dykman in connection with an objection of the Official Committee of Unsecured Creditors to the First Monthly Fee Statement (as defined herein).

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>T-A WIND DOWN, INC.<br>f/k/a TEC-AIR, INC.,<br><br>Debtor. | Chapter 7 (converted from Chapter 11)<br><br>Honorable Janet S. Baer<br><br>Hearing Date: July 10, 2018<br>Hearing Time: 9:30 a.m. |

**FINAL APPLICATION OF CULLEN AND DYKMAN LLP AS COUNSEL**
**TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

Cullen and Dykman LLP ("Cullen and Dykman"), as counsel to the above-captioned debtor (the "Debtor"), applies to this Court pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(6), 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Bankruptcy Rules"), for final allowance and approval of (i) $361,671.00[1] in compensation for 775.60 hours of professional services rendered by Cullen and Dykman, for period beginning October 27, 2017 through and including May 31, 2018 (the "Application Period"); and (ii) the reimbursement of $12,359.22 for actual costs incurred incident to those services.  In support of this final fee application (the "Application"), Cullen and Dykman states as follows:

---

[1]  This amount reflects a fee reduction in the amount of $11,157.50, agreed upon by Cullen and Dykman in connection with an objection of the Official Committee of Unsecured Creditors to the First Monthly Fee Statement (as defined herein).

## JURISDICTION

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding within the meaning of 28 U.S.C. §§ 157(b).

1.       The statutory predicates for the relief requested in this Application are sections 330 and 331 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(6), 2016(a) and Local Bankruptcy Rule 5082-1.

## BACKGROUND

2.       On October 27, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of Bankruptcy Code.

3.       On November 6, 2017, the Office of the United States Trustee for the Northern District of Illinois appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 38].

4.       By this Court's *Order Authorizing the Employment and Retention of Cullen and Dykman LLP as Counsel to the Debtor Effective as of the Petition Date*, entered on November 30, 2017, the Debtor was authorized to retain Cullen and Dykman as its counsel effective as of October 27, 2017 [D.I. 98] (the "Retention Order").

5.       On May 15, 2018, the above-captioned case was converted to a case under chapter 7 of the Bankruptcy Code.

## SERVICES RENDERED BY CULLEN AND DYKMAN

6.       During the Application Period, Cullen and Dykman provided the following services to the Committee: (a) case administration; (b) asset disposition; (c) stay relief/adequate protection procedures; (d) meetings of and communications with creditors; (e) fee and

-2-

employment applications of Cullen and Dykman; (f) fee and employment applications of others; (g) assumption and rejection of leases and contracts; (h) other contested matters; (i) non-working travel; (j) business operations; (k) employee benefits and pension; (l) financing and cash collateral; (m) claims administration and objections; (n) plan and disclosure statement; (o) general bankruptcy advice and opinions; (p) court hearings; (q) non-bankruptcy court litigation; and (r) schedules and statements.

7.      Cullen and Dykman's statements of services rendered and expenses incurred (the "Invoices") for the Application Period are attached hereto as **Exhibit A** and incorporated herein by reference.

8.      In the aggregate, Cullen and Dykman's attorneys and paralegals rendered 775.60 hours of services for the Debtor in connection with this case during the Application Period. All of the services reflected on the attached Invoices pertain to this case and were rendered at the request of the Debtor. At the customary hourly rates charged by Cullen and Dykman's attorneys and paralegals, the aggregate amount due Cullen and Dykman for the services rendered to the Debtor during the Application Period is $361,671.00,[2] for an average hourly rate of approximately $459.29.

9.      In evaluating this Application, this Court should consider the value of the services rendered by Cullen and Dykman for the Debtor, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in similar cases, the experience and ability of the attorneys involved and the compensation amounts awarded in similar cases. These factors, whether viewed individually or collectively, support an award of the requested compensation in full. All of the services for

---

[2]  This amount reflects a fee reduction in the amount of $11,157.50, agreed upon by Cullen and Dykman in connection with an objection of the Committee to the First Monthly Fee Statement.

which compensation is requested were services that, in Cullen and Dykman's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

10.    In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Cullen and Dykman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Cullen and Dykman has classified its services into eighteen (18) separate categories of service as follows[3]:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 215.20 | $57,975.50 |
| Asset Disposition | 148.40 | $88,165.00 |
| Stay Relief/Adequate Protection Proc. | .60 | $345.00 |
| Meetings of and Communications with Creditors | 6.40 | $4,002.50 |
| Fee and Employment Applications | 25.70 | $5,554.00 |
| Fee and Employment Applications of Others | 7.10 | $3,317.50 |
| Assumption/Rejection of Leases and Contracts | 1.40 | $805.00 |
| Other Contested Matters | 39.70 | $22,827.50 |
| Non-Working Travel | 3.50 | $2,012.50[4] |
| Business Operations | 4.70 | $1,342.50 |
| Employee Benefits/Pension | .40 | $230.00 |

---

[3]  The amounts set forth in this chart do not reflect the fee reduction of $11,157.50 noted herein.

[4] Cullen and Dykman agreed not to charge for non-working travel time in connection with its services rendered on behalf of the Debtor.   A charge for non-working travel time incurred on October 31, 2017 was inadvertently included in Cullen and Dykman's first monthly fee statement, as it was entered into Cullen and Dykman's billing system prior to the aforementioned agreement.   Such charge for non-working travel time was included in the fee reduction in the amount of $11,157.50 noted herein.

| | | |
|---|---|---|
| Financing/Cash Collateral | 205.80 | $121,629.00 |
| Claims Administration and Objections | 2.50 | $775.00 |
| Plan and Disclosure Statement | .60 | $390.00 |
| General Bankruptcy Advice | 62.30 | $37,367.50 |
| Court Hearings | 34.70 | $20,077.50 |
| Non-Bankruptcy Court Litigation | 3.10 | $1,782.50 |
| Schedules and Statements | 13.50 | $4,230.00 |
| **TOTAL** | **775.60** | **$372,828.50** |

11.     The Invoices provide detailed descriptions of all services rendered in each of the categories, and the timekeeper, date, and amount of time expended in each category.  In addition, the following are descriptions of each of Cullen and Dykman's principal categories of activities, as well as charts summarizing which professionals rendered services in the category, and the total time and dollar value of services for each category.[5]

A.    **Case Administration.**

12.     Cullen and Dykman incurred 215.20 hours of time, with a value of $57,975.50 in this category, which includes the participation in many aspects of the administration of the chapter 11 case.  During the Application Period, Cullen and Dykman's services included but were not limited to the preparation, filing and service of motions and other pleadings, preparation of master lists for service and noticing, responding to document requests, reviewing orders entered by the Court and pleadings filed by other parties, preparation for and participation in hearings, preparation for and attendance at the 341 meeting, reviewing and filing the monthly

---

[5]   The amounts set forth in the following descriptions and charts do not reflect the fee reduction of $11,157.50 noted herein.

operating reports, preparation of internal memoranda regarding critical dates, and review of deadlines set by the Court.

13.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Samuel Jason Teele | 10.20 | $6,630.00 |
| Nicole Stefanelli | 22.30 | $12,822.50 |
| Michael H. Traison | .60 | $420.00 |
| Travis Powers | 29.20 | $11,304.00 |
| Bridget C. Hart | 48.30 | $11,109.00 |
| Kim LaFiura | 104.60 | $15,690.00 |

**B.     Asset Disposition.**

14.     Cullen and Dykman incurred 148.40 hours of time, with a value of $88,165.00 in this category, pertaining to the sale of substantially all of the Debtor's assets and all matters related to the sale process, including but not limited to preparing a motion to approve bidding procedures and the sale, negotiations regarding the stalking horse asset purchase agreement and sale/bidding procedures motion, negotiations with parties in interest regarding the bidding procedures order, analyzing competing bids, preparation and the attendance at hearings to approve the bidding procedures and sale, preparation for and attendance at the auction, and attending to the closing of the sale.

15.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 100.00 | $57,500.00 |
| Samuel Jason Teele | 45.40 | $29,510.00 |
| Travis Powers | 3.00 | $1,155.00 |

-6-

## C.     Stay Relief/Adequate Protection Proceedings

16.     Cullen and Dykman incurred .60 hours of time, with a value of $345.00 in this category, which included a telephonic appearance for the hearing on Rivett's motion for relief from stay.

17.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Nicole Stefanelli | .60 | $345.00 |

## D.     Meeting of and Communication with Creditors.

18.     Cullen and Dykman incurred 6.40 hours of time, with a value of $4,002.50 in this category, which included communications with committee counsel regarding various matters, communications with other creditors, and the preparation for and participation at the 341 meeting.

19.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Samuel Jason Teele | .30 | $195.00 |
| Nicole Stefanelli | 3.70 | $2,127.50 |
| Michael H. Traison | 2.40 | $1,680.00 |

## E.     Fee/Employment Applications.

20.     Cullen and Dykman incurred 25.70 hours of time, with a value of $5,554.00 in this category, which included the preparation and filing of Cullen and Dykman's retention application and monthly fee statements and addressing any objections thereto.

-7-

21.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Samuel Jason Teele | .40 | $260.00 |
| Nicole Stefanelli | 2.20 | $1,265.00 |
| Travis Powers | 2.40 | $924.00 |
| Kim LaFiura | 20.70 | $3,105.00 |

## F.    Fee/Employment Applications (Other).

22.    Cullen and Dykman incurred 7.10 hours of time, with a value of $3,317.50 in this category, which included the preparation and filing of the retention application for the Debtor's financial advisor, Three Twenty-One Capital Partners, addressing certain objections thereto including numerous revisions to Three Twenty-One Capital Partners' retention order, and the review of Committee counsel's monthly fee statements.

23.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 5.30 | $3,047.50 |
| Kim LaFiura | 1.80 | $270.00 |

## G.    Assumption/Rejection of Leases/Contracts.

24.    Cullen and Dykman incurred 1.40 hours of time, with a value of $805.00 in this category, which included the preparation of cure notices, and communications with contract counterparties regarding cure costs and contract assumption.

35011.1 580502v1

25.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 1.40 | $805.00 |

## H.    Other Contested Matters.

26.    Cullen and Dykman incurred 39.70 hours of time, with a value of $22,827.50 in this category, which included the finalization of certain first day motions and orders, the preparation of the interim compensation motion and order, drafting a motion to enforce the Final DIP Order and compel payment of employee obligations, and the review of the motion by the U.S. Trustee to convert/dismiss the chapter 11 case.

27.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 39.70 | $22,827.50 |

## I.    Non-Working Travel.

28.    Cullen and Dykman agreed not to charge for non-working travel time in connection with its services rendered on behalf of the Debtor.   A charge for non-working travel time incurred on October 31, 2017 (3.50 hours of time, with a value of $2,012.50) was inadvertently included in Cullen and Dykman's first monthly fee statement, as it was entered into Cullen and Dykman's billing system prior to the aforementioned agreement.   Such charge for non-working travel time was included in the fee reduction in the amount of $11,157.50 noted herein.

-9-

**J.**    **Business Operations**.

29.    Cullen and Dykman incurred 4.70 hours of time, with a value of $1,342.50 in this category, which included telephone calls with the Debtor regarding treatment of prepetition claims, post-petition shipments of Asahi, customers withholding payments, and bank account issues, telephone calls with customers regarding non-payment, and preparation of monthly operating reports.

30.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 1.50 | $862.50 |
| Kim LaFiura | 3.20 | $480.00 |

**K.**    **Employee Benefits/Pension**.

31.    Cullen and Dykman incurred .40 hours of time, with a value of $230.00 in this category, which included telephone calls with the Illinois Department of Employment Security.

32.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | .40 | $230.00 |

**L.**    **Financing/Cash Collateral**.

33.    Cullen and Dykman incurred 205.80 hours of time, with a value of $121,629.00 in this category, pertaining to DIP financing, including but not limited to negotiations with The Leaders Bank regarding cash collateral/DIP financing, reviewing the DIP credit agreement, drafting the cash collateral motion, DIP financing motion, and corresponding orders, attending

-10-

hearings relating to the cash collateral and DIP financing motions, drafting a motion to enforce the Final DIP Order, drafting document requests to The Leaders Bank, responding to document requests from The Leaders Bank and preparing for depositions in connection with the motion to enforce the Final DIP Order.

34.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 114.80 | $66,010.00 |
| Samuel Jason Teele | 70.30 | $45,695.00 |
| Bonnie L. Pollack | 17.40 | $9,210.00 |
| Travis Powers | .60 | $231.00 |
| Bridget Hart | .60 | $168.00 |
| Kim LaFiura | 2.10 | $315.00 |

**M.     Claims Administration and Objections.**

35.     Cullen and Dykman incurred 2.50 hours of time, with a value of $775.00 in this category, which included the preparation, filing and service of the bar date motion and 503(b)(9) motion.

36.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Samuel Jason Teele | .80 | $520.00 |
| Kim LaFiura | 1.70 | $255.00 |

-11-

**N.**     **Plan and Disclosure Statement.**

37.     Cullen and Dykman incurred .60 hours of time, with a value of $390.00 in this category, which included communications with the Committee regarding plan issues.

38.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Samuel Jason Teele | .60 | $390.00 |

**O.**     **General Bankruptcy Advice.**

39.     Cullen and Dykman incurred 62.30 hours of time, with a value of $37,367.50 in this category, which included in-house team meetings and communications with the Debtor and the Debtor's financial advisor, regarding case strategy, sale process, case status, the Committee's document requests, payment of 503(b)(9) claims, post-closing issues, wind-down issues, and chapter 11 exit strategy.

40.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Samuel Jason Teele | 20.60 | $13,390.00 |
| Nicole Stefanelli | 41.70 | $23,977.50 |

**P.**     **Court Hearings.**

41.     Cullen and Dykman incurred 34.70 hours of time, with a value of $20,077.50 in this category, which included the preparation and attendance at various court hearings, including the first day hearing, hearings on DIP financing, the sale hearing, the hearing on the Committee's

-12-

motion to extend the challenge deadline and the hearing on the motion to enforce the final DIP order.

42.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 33.70 | $19,377.50 |
| Michael H. Traison | 1.00 | $700.00 |

**Q.     Non-Bankruptcy Court Litigation.**

43.     Cullen and Dykman incurred 3.10 hours of time, with a value of $1,782.50 in this category, which included the review of certain pleadings filed in state court and several email communications with the Debtor and the Debtor's state court counsel regarding the bankruptcy filing and automatic stay.

44.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Nicole Stefanelli | 3.10 | $1,782.50 |

**R.     Schedules and Statements.**

45.     Cullen and Dykman incurred 13.50 hours of time, with a value of $4,230.00 in this category, which included the preparation, finalization and filing of the Debtor's statements and schedules.

46.     The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Samuel Jason Teele | .50 | $325.00 |
| Nicole Stefanelli | 4.60 | $2,645.00 |
| Kim LaFiura | 8.40 | $1,260.00 |

## Summary of Services Rendered By Professional

47.    In summary, the total compensation sought for each professional with respect to

the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Billed Hours | Amount |
|---|---|---|---|---|
| Samuel Jason Teele | Partner | $650.00 | 149.10 | $96,915.00 |
| Nicole Stefanelli | Partner | $575.00 | 378.50 | $217,637.50 |
| Michael H. Traison | Partner | $700.00 | 4.00 | $2,800.00 |
| Bonnie L. Pollack | Partner | $525.00 | 16.40 | $8,610.00 |
| * Bonnie L. Pollack – rate increase | Partner | $600.00 | 1.00 | $600.00 |
| Travis Powers | Associate | $385.00 | 32.10 | $12,358.50 |
| * Travis Powers – rate increase | Associate | $405.00 | 3.10 | $1,255.50 |
| Bridget C. Hart | Law Clerk | $230.00 | 48.30 | $11,109.00 |
| * Bridget C. Hart – rate increase | Law Clerk | $280.00 | .60 | $168.00 |
| Kim LaFiura | Paralegal | $150.00 | 142.50 | $21,375.00 |

48.    In evaluating this Application, this Court should consider the following: (a) the

value of the services rendered by Cullen and Dykman; (b) the nature and complexity of the

issues presented; (c) the skill required to perform the legal services properly; (d) the customary

fees charged by other professionals in this case and in similar cases; (e) the experience and

ability of the professionals involved; and (f) the amount of compensation awarded in similar

-14-

cases. When viewed either individually or collectively, these factors support an award of the requested compensation in full.

49.     The hourly rates charged by Cullen and Dykman with respect to its legal services compare favorably with the rates charged by other metropolitan firms having attorneys and paralegals with similar experience and expertise as the Cullen and Dykman professionals. Further, the amount of time spent by Cullen and Dykman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the ultimate benefit to the estate.

50.     The issues presented in the case were legally and factually complex. Given the criteria set forth in section 330 of the Bankruptcy Code, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Cullen and Dykman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full and on a final basis.

## **EXPENSES**

51.     The aggregate amount of expenses for which reimbursement is being sought is $2,132.43.  All of the expenses for which reimbursement is requested are expenses which Cullen and Dykman customarily recoups from all of its clients. An itemization of the expenses is attached hereto as part of **Exhibit A**.

52.     The specific expenses for which reimbursement is requested during the Application Period are as follows:

| | |
|---|---:|
| Postage | $1,286.18 |
| Deposition Costs | $1,411.25 |
| Conference Calls/Appearances | $449.15 |
| On Line Legal/ Factual Research (Pacer) | $2,610.91 |
| Court Costs/Fees | $2,082.59 |
| FedEx | $4,445.68 |
| Meals | $73.46 |
| **TOTAL** | **$12,359.22** |

53.     All expenses incurred by Cullen and Dykman incidental to its services were customary and necessary expenses.  All expenses were billed in the same manner as Cullen and Dykman bills non-bankruptcy clients.  Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

### PAYMENTS RECEIVED BY CULLEND AND DYKMAN TO DATE

54.     Pursuant to the Retention Order, Cullen and Dykman submitted monthly fee statements to the Debtor, with copies to the other parties entitled to notice thereof, for interim compensation and expense reimbursement pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 97].

| Statement for Period Ending: | Payments Actually Received | | |
|:---:|:---:|:---:|:---:|
| | 80% Legal Fees | Expenses Allowed | **Subtotal** |
| 11/30/2017 | $110,860.80 | $3,795.50 | **$123,582.30[6]** |
| 12/31/2017 | $77,031.20 | $4,783.85 | **$81,815.05** |

---

[6] This amount reflects a fee reduction in the amount of $11,157.50, agreed upon by Cullen and Dykman in connection with an objection of the Committee to the First Monthly Fee Statement.

| 01/31/2018 | $23,170.40 | $815.68 | **$23,986.08** |
| 02/28/2018 | $14,718.00 | $183.53 | **$14,901.53** |
| **Total** | **$225,780.40** | **$9,578.56** | **$235,358.96** |

55.      Cullen and Dykman received one objection to the monthly fee statement for the period beginning October 27, 2017 through November 30, 2017 (the "<u>First Monthly Fee Statement</u>") from the Committee, which resulted in a fee reduction in the amount of $11,157.50, as noted herein.  Cullen and Dykman did not receive any other objections to the remaining monthly fee statements.  Cullen and Dykman did not serve monthly statements for the periods ending March 31, 2018, April 30, 2018 or May 31, 2018.

## COMPLIANCE WITH 11 U.S.C. § 504

56.      Other than as provided for and allowed by section 504 of the Bankruptcy Code, there is no agreement between Cullen and Dykman and any other firm, person or entity for the sharing of division of nay compensation payable to Cullen and Dykman.

## NOTICE

57.      Notice of this Application has been provided in accordance with Bankruptcy Rule 2002(a)(6) and the Local Bankruptcy Rules.  Cullen and Dykman requests that the Court finds this notice sufficient under the circumstances.

## CONCLUSION

**WHEREFORE**, Cullen and Dykman LLP request the entry of an order, substantially in the form attached hereto, that:

35011.1 580502v1

a.      Approves and allows Cullen and Dykman $361,671.00[7] in compensation, on a final basis, for services provided during the Application Period beginning October 27, 2017 through and including May 31, 2018;

b.      Approves and allows Cullen and Dykman $12,359.22 in expense reimbursement, on a final basis;

c.      Approves and authorizes payment on  final basis of the balance of $138,671.26 in compensation and expenses which were not previously paid to Cullen and Dykman;

d.      Provides Cullen and Dykman with such additional relief as may be appropriate and just under the circumstances.

Dated:  June 18, 2018                          Respectfully submitted,

                                               **CULLEN AND DYKMAN LLP**

                                                _/s/ Nicole Stefanelli_
                                               S. Jason Teele, Esq.
                                               Nicole Stefanelli, Esq.
                                               The Legal Center
                                               One Riverfront Plaza
                                               Newark, New Jersey 07102
                                               Telephone: (973) 849-0220
                                               Facsimile: (973) 849-2020
                                               steele@cullenanddykman.com
                                               nstefanelli@cullenanddykman.com

                                               - and -

                                               Michael H. Traison, Esq.
                                               175 East Delaware Place
                                               Suite 7011
                                               Chicago, Illinois 60611
                                               Telephone: (312) 860-4230
                                               mtraison@cullenanddykman.com

                                               _Counsel to the Debtor_

---

[7] This amount reflects a fee reduction in the amount of $11,157.50, agreed upon by Cullen and Dykman in connection with an objection of the Committee to the First Monthly Fee Statement.

35011.1 580502v1